ACCEPTED
14-15-00238-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/24/2015 9:02:11 AM
CHRISTOPHER PRINE
CLERK

**No. 14-15-00238-CV**
**No. 14-15-00369-CV**

**IN THE FOURTEENTH COURT OF APPEALS**
**HOUSTON, TEXAS**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/24/2015 9:02:11 AM
CHRISTOPHER A. PRINE
Clerk

**FLEMING & ASSOCIATES, L.L.P. N/K/A**
**FLEMING, NOLEN & JEZ, L.L.P. AND**
**GEORGE FLEMING,**
*Appellants/Cross-Appellees,*

**v.**

**CHARLES KIRKLIN, STEPHEN KIRKLIN, PAUL KIRKLIN AND**
**THE KIRKLIN LAW FIRM, P.C.,**
*Appellees*

**On Appeal from the 234th District Court, Harris County, Texas**
**Trial Court Cause No. 2014-53135**
**Hon. Wesley Ward, Presiding**

**SUPPLEMENT TO**
**APPELLANTS'/CROSS-APPELLEES'**
**MOTION FOR REHEARING**

FLEMING, NOLEN & JEZ, L.L.P.
George M. Fleming
State Bar No. 07123000
Sylvia Davidow
State Bar No. 05430551
J. Kenneth Johnson
State Bar No. 10746300
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056
Tel. (713) 621-7944
Fax (713) 621-9638

*Counsel for Appellants/Cross-Appellees*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION: REASONS FOR THE SUPPLEMENT ..................................1

FACTS ...............................................................................................................2

ARGUMENT .....................................................................................................3

CONCLUSION ..................................................................................................6

CERTIFICATE OF SERVICE ..........................................................................8

# TABLE OF AUTHORITIES

**CASES**

*Approximately $58,641.00 and One 2005 Acura TL v. State*,
331 S.W.3d 579 (Tex. App.—Houston [14th Court] 2011, no pet.) ............................................................................................4

*Sweed v. Nye*,
323 S.W.3d 873 (Tex. 2010) (per curiam) .......................................4

**RULES**

TEX. R. CIV. P. 329b............................................................................2, 4

TEX. R. APP. P. 18 ...................................................................................5

TEX. R. APP. P. 19.1 ................................................................................5

Tex. R. App. P. 49....................................................................................5

**TO THE HONORABLE COURT OF APPEALS:**

Appellants/Cross-Appellees Fleming & Associates, L.L.P., n/k/a Fleming, Nolen & Jez, L.L.P. ("F&A"), and George Fleming (collectively, "the Fleming Appellants") supplement their motions for rehearing filed on November 13, 2015 in Appeal Nos. 14-15-00238-CV and 14-15-00369-CV. *See* TEX. R. APP. P. 49.1.

## INTRODUCTION: REASONS FOR THE SUPPLEMENT

The Fleming Appellants file their supplement to make this Court aware of the following facts: the Kirklin Appellees blatantly ignored the Court's jurisdiction, and improperly filed and scheduled a hearing on a motion for rehearing in the 234th District Court (No. 2014-53135). This Court does not know that on November 12, 2015, the Kirklin Appellees had moved for rehearing at the trial court of its denial of their requested trial attorneys' fees and set a hearing for Monday, November 23, 2015. Their motion was filed despite both sides' full briefing on the issue at this Court.

At their unilaterally-set hearing, the Kirklin Appellees made false legal representations to the trial court. First, they argued that this Court no longer retains jurisdiction over either of the above appeals because the Court ordered the appeals dismissed as interlocutory. In so doing the Kirklin Appellees consciously disregarded the two pending motions for rehearing that the Fleming Appellants filed, as well as the Court's request for their response. Second, they based their

1

position on TEX. R. CIV. P. 329b, a rule they do not understand, and that is immaterial to the jurisdiction issue.

## FACTS

To inform this Court of the Kirklin Appellees' ill-advised conduct, the Fleming Appellants begin with the following chronology:

- 10.29.15      This Court's dismissal of Appeal Nos. 14-15-00238-CV and 14-15-00369-CV as interlocutory.

- 11.12.15      Jackson Defendants' R. 162 notice of dismissal of their claims in No. 2014- 53135, including sanctions and attorneys' fees; filed and served 11.12.15.

- 11.12.15      Kirklin Appellees' trial court motion for rehearing of the denial of attorneys' fees; filed and served on 11.12.15. A copy of their motion for rehearing is attached as **Ex. 1**.

- 11.13.15      Fleming Appellants' motion for rehearing, including the R. 162 notice of dismissal; filed and served 11.13.15.

- 11.17.15      This Court's request for a response from the Kirklin Appellees to the motion for rehearing in both appeals; due 11.30.15.

- 11.18.15      Fleming Appellants' opposition to the Kirklin Appellees' motion. A copy of the opposition to rehearing (excluding exhibits) is attached as **Ex. 2**.

- 11.23.15 (9:30 a.m.)      Oral hearing at the trial court on the Kirklin Appellees' motion for rehearing on the denial of their trial attorneys' fees; second evidentiary hearing on motion set for 12.07.15.

- 11.23.15 (1:23 p.m.)      Kirklin Appellees' unilateral expansion of 12.07.15 hearing; summary judgment attorneys' fees and sanctions, both passed earlier. A copy of the notice of hearing is attached as **Ex. 3**.

2

## ARGUMENT

The Kirklin Appellees erroneously misled the trial court—most likely deliberately, or perhaps due to their own lack of knowledge of the rules. They maintained to the lower court that this Court lacked jurisdiction after it dismissed the two appeals as interlocutory. Further, they refused to take into consideration the pending motions for rehearing and the Court's request for their responses by November 30, 2015. And to compound their error, the Kirklin Appellees insisted to the trial court that it has plenary power to rehear their motion opposing the denial of attorneys' fees.[1]

Judge Ward noted at the hearing that he was "troubled" by the pendency of the rehearing motions at this Court.[2] Nonetheless, he set a hearing (evidentiary, apparently) for Monday December 7, 2015 (one week after the response deadline at this Court); stated he would do some research; and asked for the parties' briefing. But any hearing held by the trial court would be improper, since it has no jurisdiction to hear the Kirklin Appellees' motion.

---

[1] In fact, the contents of the motion for rehearing (**Ex. 1**) improperly uses argument and evidence in response to the Fleming Appellants' appellate briefing on attorneys' fees.

[2] Unfortunately, no transcript was made.

In short, the Kirklin Appellees have jurisdiction backwards. The trial court's lack of jurisdiction and this Court's plenary power are clear, and both are supported legally and by the record.

First, on March 30, 2015, the trial court signed an order denying the trial court fees and sanctions that the Kirklin Appellees had requested last year. Therefore, some eight months ago, the Kirklin Appellees had **30 days from the date of judgment** to file some type of motion to have the ruling changed (*e.g.*, a motion for new trial or to modify the judgment). *See* TEX. R. CIV. P. 329b. The filing of that type of motion in March or April 2015 would have extended the trial court's plenary power over the judgment of fee/sanctions denial for 30 days, even if they had filed a notice of appeal. *Id.* at 329b(d).

But not only did the Kirklin Appellees file no such motion, their legal error cannot be corrected. That is because on the very next day, March 31, 2015, they filed a notice of cross-appeal. By perfecting their cross-appeal, they properly invoked this Court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (per curiam); *Approximately $58,641.00 and One 2005 Acura TL v. State*, 331 S.W.3d 579, 582 (Tex. App.—Houston [14th Court] 2011, no pet.). Hence, the case is not pending at the 234th District Court, despite the Kirklin Appellees' misguided argument.

4

Moreover, the Kirklin Appellees' position is additionally erroneous, because this Court retains plenary power at this juncture. They either decided to mislead the trial court as to the law on the subject, or do not know the law.

The Fleming Appellants filed timely motions for rehearing under TEX. R. APP. P. 49. Responses were requested, but appellate rulings have yet to issue. Therefore, appellate plenary power over the October 29, 2015 judgments of dismissal will not expire until "30 days after the court overrules all timely filed motions for rehearing or en banc reconsideration, and all timely filed motions to extend time to file such a motion." TEX. R. APP. P. 19.1. Nor, obviously, has the time begun to run on the issuance of a mandate. *Id.* at R. 18.

As a final note, the Kirklin Appellees continue to flout the rules. A few hours after the November 23 hearing, they went even farther by improperly moving for rehearing on the following: "The Rule 13 Motion for Sanctions and Attorneys' Fees contained in Defendants' Motion for Summary judgment which was filed on December 16, 2014."

First, for the same reasons provided above they are not legally permitted to do so. And second, as the Fleming Appellants pointed out in their motion for rehearing at 5-6 and Tabs 2 and 3, the Kirklin Appellees moved for summary judgment and sanctions. But even if they had requested attorneys' fees and costs

5

and expenses in one line of their motion (3 CR 752) the record proves they waived both fees and sanctions under their summary judgment motion.

## CONCLUSION

For reasons argued earlier, the Court should grant the Fleming Appellants' motions for rehearing and reinstate Nos. 14-15-00238-CV and 14-15-00369-CV as appeals from final judgments.

Additionally, the Court should take into consideration the Kirklin Appellees' disregard for this Court's continuing jurisdiction/plenary power; and its attempt to mislead the trial court by insisting it has plenary power. The Fleming Appellants leave to the Court's discretion any actions it may wish to take, but will apprise the trial court of the Kirklin Appellees' actions.

Respectfully submitted,

**FLEMING, NOLEN & JEZ, L.L.P.**

By: */s/Sylvia Davidow*

    J. Kenneth Johnson
    State Bar No. 10746300
    ken_johnson@fleming-law.com
    Sylvia Davidow
    State Bar No. 05430551
    sylvia_davidow@fleming-law.com
    George M. Fleming
    State Bar No. 07123000
    george_fleming@fleming-law.com
2800 Post Oak Blvd., Suite 4000
Houston, TX  77056
Tel. (713) 621-7944
Fax (713) 621-9638

**COUNSEL FOR APPELLANTS/
CROSS APPELLEES
FLEMING & ASSOCIATES, L.L.P., AND
GEORGE FLEMING
(N/K/A FLEMING, NOLEN & JEZ, L.L.P.)
AND GEORGE FLEMING**

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015, a true and correct copy of the above and foregoing Supplement to Motion for Rehearing of Appellants/Cross-Appellees was forwarded to all counsel by the Electronic Service Provider, if registered, otherwise by email, as follows:

Paul Kirklin
pkirklin@kirklinlaw.com
Charles B. Kirklin
ckirklin@kirklinlaw.com
THE KIRKLIN LAW FIRM, PC
12600 N. Featherwood Drive, Suite 225
Houston, TX  77034
Tel:  (713) 571-8300
Fax: (281) 922-6240

**COUNSEL FOR APPELLEES CHARLES KIRKLIN, PAUL KIRKLIN, AND THE KIRKLIN LAW FIRM, P.C.**

Stephen R. Kirklin
12600 N. Featherwood Drive, Suite 225
Houston, TX  77034
Tel:  (713) 571-8300
Fax: (281) 922-6240

**APPELLEE STEPHEN R. KIRKLIN, PRO SE**

*/s/Sylvia Davidow*
Sylvia Davidow

| | | |
|---|---|---|
| FLEMING & ASSOCIATES, L.L.P. (n/k/a | § | IN  DISTRICT COURT OF |
| FLEMING, NOLEN & JEZ, L.L.P.) | § | |
| AND GEORGE FLEMING, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TX |
| CHARLES KIRKLIN, STEPHEN | § | |
| KIRKLIN, PAUL KIRKLIN, THE | § | |
| KIRKLIN LAW FIRM, P.C, DON | § | |
| JACKSON, JEFFREY | § | |
| W. CHAMBERS, AND WARE, | § | |
| JACKSON, LEE & CHAMBERS, L.L.P., | § | |
| | § | |
| Defendants. | § | 234TH JUDICIAL DISTRICT |

## MOTION FOR REHEARING ON DENIAL OF TRIAL ATTORNEYS' FEES FOR THE KIRKLIN LAW FIRM, P.C.

### A.      BACKGROUND

This case has been on an ill-fated appeal by George Fleming ("Fleming") which has been dismissed for want of  jurisdiction by the Court of Appeals. The reason it was sent back from the Court of Appeals is that George Fleming  despite being told to do so by the Court of Appeals, failed and refused to seek an order from this Court declaring that the Order granting summary judgment dated April 6, 2015 was intended to be a final appealable order.  In its July 21, 2015 Abatement Order, the Court of Appeals stated "It is the responsibility of any party seeking reinstatement (of the appeal)  to request a hearing date from the trial court and to

1

schedule a hearing..."  Since Fleming refused to request a hearing, the Court of Appeals had no choice but to dismiss for want of jurisdiction. This conduct by Fleming is further evidence that Fleming is proceeding in bad faith in this litigation and had no real intention of prosecuting his appeal. This caused the Kirklin Defendants to incur the considerable expense of fully briefing the issues only to have to now start all over again if  Fleming files yet another  bogus appeal. This comes on the heals of Fleming's dismissal of his appeal of this Court's ruling dismissing the Ware Jackson Defendants within days of filing that appeal.  This type of dilatory tactics by Fleming should be sanctioned by the courts.

The appellate briefing revealed that the primary objection that Fleming was raising as to the trial attorneys' fees was that the Charles Kirklin, Paul Kirklin, Stephen Kirklin and The Kirklin Law Firm, P.C. ("Kirklin Defendants") were appearing  pro se and therefore had not "incurred" any attorneys' fees. Also, this Court made a reference to a case (Beckstrom v. Gilmore, 886 S.W.2d 845 (Tex.App.--Eastland, pet. denied) that raised the same issue at the previous hearing in this Court on attorneys' fees as required by TCPA. This Motion for rehearing relies on the previous evidence offered by the Defendants and new additional evidence  proving  that The Kirklin Law Firm, P.C. is not appearing pro se and has incurred the attorneys' fees being sought.

**B.** **Attorneys' Fees Incurred by The Kirklin Law Firm, P.C.**

George Fleming contends that defendants The Kirklin Law Firm, P.C., Charles Kirklin, Stephen Kirklin, and Paul Kirklin defended themselves pro se, and that because they defended themselves pro se, they didn't "*incur*" any attorneys' fees as is required by the TCPA. This argument is correct in the case of defendants Charles Kirklin, Stephen Kirklin, and Paul Kirklin, but it's incorrect in the case of defendant The Kirklin Law Firm, P.C.

In Texas, a corporation cannot defend itself pro se.[1] It must be represented by a licensed attorney,[2] and a corporation cannot be a licensed attorney. In this case, The Kirklin Law Firm, P.C. (a corporation) was represented by Charles Kirklin, Paul Kirklin and Stephen Kirklin (a sole practitioner), (all licensed attorneys), The Kirklin Law Firm, P.C. entered into a written Attorneys' Fees Contract with Charles, Paul and Stephen Kirklin which is attached hereto as Exhibit A to this Motion and incorporated herein the same as if set out fully. This Attorneys' Fees Contract legally obligated The Kirklin Law Firm, P.C. to pay each of the attorneys for representing it in this case on an hourly basis. Each of the attorneys performed legal services for the Kirklin Law Firm, P.C. in prosecuting its

---

[1] *Dell Dev. Corp. v. Best Indus. Unif. Supply Co., Inc.,* 743 S.W.2d 302, 303 (Tex.App.-Houston [14th Dist.] 1987, writ denied); *In re Cash Media Systems, Inc.*, 326 B.R. 655 (Bankr. S.D. Tex. 2005) (applying Texas law); *Globe Leasing, Inc. v. Engine Supply and Mach. Service*, 437 S.W.2d 43 (Tex. Civ. App. Houston 1st Dist. 1969).

[2] *Nelson v. Britt*, 241 S.W.3d 672 (Tex. App. Dallas 2007); *Kennedy v. Kennedy*, 222 S.W.3d 97 (Tex. App. Austin 2006); *Nevada Gold & Silver, Inc. v. Andrews Independent School Dist*., 225 S.W.3d 68, 221 Ed. Law Rep. 924 (Tex. App. El Paso 2005); *KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894 (Tex. App. Dallas 2003).

Motion to Dismiss George Fleming's claims against it pursuant to TCPA. Further, each attorney submitted invoices to The Kirklin Law Firm, P.C. which are attached hereto as Exhibit B to this Motion and incorporated herein the same as if fully set out. Also, The Kirklin Law Firm, P.C. paid the invoices as evidenced by the checks which are attached hereto as Exhibit C and incorporated herein the same as if fully set forth.

At the previous hearing on March 30, 2015 The Kirklin Law Firm, P.C. offered additional undisputed evidence that The Kirklin Law Firm, P.C. incurred attorneys' fees to them:

> The reasonable, usual and customary value of the reasonable and necessary legal services of Charles Kirklin, Stephen R. Kirklin and Paul Kirklin **incurred** by the Kirklin Defendants in defending the Kirklin Defendants [defined to include The Kirklin Law Firm, P.C. @ 7 RR 2584] against this legal action brought by George Fleming is $53,950.00 through March 30, 2015....[3]

The Kirklin Defendants then itemized these incurred attorneys' fees, beginning with the following statement:

> The following represents reasonable and necessary attorneys' fees **incurred** by the Kirklin Defendants in defending against the legal action....[4]

---

[3] 1 RR 92 (March 30, 2015 Hearing) (emphasis added). The Reporter's Record is attached as Exhibit D to this Motion and incorporated herein as if fully set out.
[4] 1 RR 92 - 96 (March 30, 2015 Hearing) (emphasis added)

After itemizing the hourly charges, Charles Kirklin confirmed that The Kirklin Law Firm, P.C. agreed to pay their attorneys' an hourly fee: *"...the fee is a fixed hourly fee as shown above."*[5]

Charles Kirklin testified in detail that The Kirklin Law Firm, P.C. was billed for the charges listed in the itemization.[6] He concluded by testifying that *"...we billed what time we took on each of these projects, yes*."[7]

Texas courts have held that the foregoing evidence is more than sufficient to prove that attorneys' fees were incurred by a party. For example, in the *American Heritage Capital* case, a litigant offered the following affidavit evidence from the representing attorney:

> My services and the services of [his firm] were and are necessary and the expenses **incurred** are reasonable in that Plaintiff ... filed suit against Defendants and it was reasonable and necessary for Defendants to retain legal counsel to represent and defend them in this action, as well as to assert their statutory rights under the Texas Anti-SLAPP statute....[8]

The court held that the following was evidence that the litigants incurred attorneys' fees:

> To this evidence we may add [the attorney's] subsequent description of the legal work he and others actually performed on the case and the

---

[5] 1 RR @ 93 (March 30, 2015 Hearing)
[6] See, for example, 1 RR 107 (March 30, 2015 Hearing); 1 RR 36 (March 30, 2015 Hearing) @ 14 – 17; 1 RR 39 (March 30, 2015 Hearing ) @ 12 – 14; 1 RR 41 – 42 (March 30, 2015 Hearing); 1 RR 44 (March 30, 2015 Hearing) @ 16 – 18; 1 RR 44 – 45 (March 30, 2015 Hearing); 1 RR 45 (March 30, 2015 Hearing)
[7] 1 RR 58 (March 30, 2015 Hearing)
[8] *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 878 (Tex. App.—Dallas 2014, no pet.)

existence of the invoices directed to [the litigants]. The evidence, viewed as a whole, gives rise to a reasonable inference that [the litigants] did in fact "retain," i.e., make an agreement to pay, [the attorney and his firm] for their legal services.

We also agree...that the evidence adequately supports the proposition that [the litigant] also incurred liability for and paid for the legal services of [the attorney and his firm]. In his affidavit, [the attorney] explains what services were performed by members of his law firm, how much time was spent on those services, and what the relevant hourly rates were. Coupled with his previous testimony indicating that [the litigants] retained [the attorney and his firm] to furnish those services, [the attorney's] testimony is some evidence that [the litigant] actually incurred—became liable to pay—fees for those services.[9]

Like the litigants in *American Heritage Capital*, after offering evidence that it incurred attorneys' fees to its attorneys, The Kirklin Law Firm, P.C. offered evidence that explained what services were performed by its attorneys,[10] how much time was spent on those services,[11] and what the relevant hourly rates were.[12] This constituted evidence that The Kirklin Law Firm, P.C. incurred attorneys' fees and in what amounts.

Fleming cross-examined Charles Kirklin about the number of hours that were performed in carrying out various tasks for which The Kirklin Law Firm, P.C. was billed, but he failed to cross-examine Charles Kirklin on The Kirklin Law Firm, P.C.'s evidence of the basic fact that it incurred attorneys' fees, at least in

---

[9] *Id.*
[10] 1 RR 94 – 96 (March 30, 2015 Hearing)
[11] *Id.*
[12] I*d.*

some amount. He also failed to offer any evidence that would prove otherwise. Thus, the evidence that The Kirklin Law Firm, P.C. incurred attorneys' fees stands unchallenged.

Even if The Kirklin Law Firm, P.C. had not submitted the foregoing evidence, the Texas Supreme Court has held that trial courts can infer that attorneys' fees were incurred from circumstantial evidence:

> The record reflects...that services were performed on the doctor's behalf. The attorney filed an answer, a plea in abatement, a motion to dismiss, and a notice of appeal. The attorney also appeared, argued, and gave testimony regarding the motion to dismiss. While there is no evidence about what Dr. Garcia (or perhaps his insurance carrier) agreed to pay for these services, it blinks reality to assume that the attorney was a volunteer or that Dr. Garcia did not incur attorney's fees for this work.... Because there is some evidence in this case that attorney's fees were both incurred and reasonable, the trial court should have awarded attorney's fees to Dr. Garcia.[13]

In this case, there is direct evidence that The Kirklin Law Firm, P.C. incurred and paid attorneys' fees as explained above, but there is also plenty of circumstantial evidence from which attorneys' fees can be inferred as well. Just as in the *Garcia* case, The Kirklin Law Firm, P.C.'s attorneys filed an answer, a motion to dismiss, and took other actions on behalf of their client. According to the *Garcia* case, this circumstantial evidence alone is evidence that The Kirklin Law Firm, P.C. incurred attorneys' fees.

## C.   THE ATTORNEYS' FEES ARE REASONABLE AND MANDATORY

---

[13] *Garcia v. Gomez*, 319 S.W.3d 638, 643 (Tex. 2010)

The $53,950 in attorneys' fees sought by The Kirklin Law Firm, P.C. is a reasonable amount. Charles Kirklin testified in support of these attorneys' fees in detail, and the trial court held that *"$53,950 appears to me to be a reasonable and necessary fee.*"[14] Nevertheless, this Court awarded The Kirklin Law Firm, P.C. zero in attorneys' fees at the trial level.

This was an abuse of discretion because Texas courts have held that when a case is dismissed under the TCPA, if any attorneys' fees were incurred (as has been proven in this case), the trial court must award attorneys' fees to the prevailing party in an amount above zero:

> Certain of our sister courts have reached the conclusion that an award of court costs, attorney's fees, and other expenses incurred in defending against the action is mandatory under section 27.009(a)(1) of the TCPA. *See Schimmel v. McGregor,* 438 S.W.3d 847, 863 (Tex.App.—Houston [1st Dist.] 2014, pet. denied) (because movant established his entitlement to dismissal under the TCPA, he was entitled to "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require" under section 27.009(a)(1)); *Sierra Club v. Andrews Cnty.,* 418 S.W.3d 711, 720 (Tex.App.—El Paso 2013) (award of attorney's fees is mandatory under section 27.009(a)(1) of the TCPA if motion for dismissal granted), *rev'd on other grounds,* No. 14–0214, –—— S.W.3d ——, 2015 WL 2148029 (Tex. May 8, 2015); *Fitzmaurice v. Jones,* 417 S.W.3d 627, 634 (Tex.App.—Houston [14th Dist.] 2013, no pet.) (trial court erred by not awarding appellants reasonable attorney's fees as requested by appellants and "required by section 27.009(a)"), *disapproved on other grounds by In re Lipsky,* No. 13–0928, ——S.W.3d ——, ——, 2015 WL 1870073, at *4 (Tex. Apr. 24, 2015) (orig. proceeding); *see also Sullivan v. Abraham,* No. 07–13–00296–CV, ——S.W.3d ——, ——, 2014 WL 5140289, at *1

---

[14] 1 RR 88 (March 30, 2015 Hearing)

(Tex.App.—Amarillo Oct. 13, 2014, pet. filed) (section 27.009(a)(1) specifies trial court "shall award" fees and expenses to moving party if suit is dismissed; those two words "connote a lack of discretion"); *Rauhauser v. McGibney,* No. 02–14–00215–CV, ——S.W.3d ——, ——,2014 WL 6996819, at *8 (Tex.App.—Fort Worth Dec. 11, 2014, no pet.) (award of court costs, attorney's fees, and expenses mandatory under section 27.009(a) of the TCPA)....[15]

The plain language of section 27.009(a)(1) mandates that appellants, as successful movants for dismissal, are entitled to an award of reasonable attorney's fees and other expenses incurred in defending against the action that is supported by the evidence. *See Cruz,* 452 S.W.3d at 522. **While the statute affords the trial court discretion to adjust downward reasonable attorney's fees and other expenses incurred in defending against the action as justice and equity may require, the statute does not afford discretion to award *no* attorney's fees and other expenses when the amount of reasonable fees and other expenses incurred in defending against the action are supported by record evidence.** *See* Tex. Civ. Prac. & Rem.Code Ann. § 27.009(a)(1). **On this record, we conclude the trial court abused its discretion by awarding *no* attorney's fees and other expenses incurred in defending against the action to appellants.**[16]

This Court stated that $53,950 in attorneys' fees was a reasonable and necessary fee. It had the discretion to award that amount, or something less than that, but it was an abuse of discretion to award no attorneys' fees.

### D.    Segregation of attorneys' fees as between the Kirklin Defendants

It was unnecessary to segregate the attorneys' fees as between each of the Kirklin Defendants because all attorneys' fees at issue were for legal services performed on behalf of all the Kirklin Defendants, including The Kirklin Law

---

[15] *Avila v. Larrea*, 05-14-00631-CV, 2015 WL 3866778, at *3 (Tex. App.—Dallas June 23, 2015, pet. filed)

[16] *Avila* @ 5 (emphasis added)

Firm, P.C. Thus, The Kirklin Law Firm, P.C.'s claims for attorneys' fees were "inextricably intertwined" as between each of the Kirklin Defendants. As stated by the 14th Court of Appeals:

> ...if a party proves that the claims arise out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts, then the fees are deemed to be "intertwined to the point of being inseparable," and the party seeking attorney's fees may recover the entire amount of fees covering all claims.[17]

At the trial level, all the legal issues and proof of facts applied to all the Kirklin Defendants equally (same transaction), and they offered evidence that every single one of the itemized attorneys' fees entries were performed on behalf of all the Kirklin Defendants.[18]

It would be impossible to segregate these "inextricably intertwined" attorneys' fees as between the Kirklin Defendants, and Texas law doesn't require segregation between the parties that are seeking attorneys' fees in such a situation.

**E.    Segregation of Attorneys' Fees as between the Fleming Plaintiffs**

There were two plaintiffs in this litigation at the trial level, Fleming and Fleming & Associates, LLP ("F&A") (or collectively "Fleming Plaintiffs"). But only Fleming is still a plaintiff , and the Kirklin Defendants are seeking attorneys' fees against only him. The Kirklin Defendants' attorneys did engage in activities

---

[17] *Air Routing Intern. Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 693 (Tex. App.—Houston [14th Dist.] 2004, no pet.)
[18] 1 RR 92 (March 30, 2015 Hearing)

that related to only Fleming and not to Fleming & Associates, LLP and vice versa. Thus, the Kirklin Defendants were required to segregate their attorneys' fees as between George Fleming and Fleming & Associates, LLP, and they did.

But Fleming argues that the Kirklin Defendants failed to segregate attorneys' fees as between the George Fleming and Fleming & Associates, L.L.P. ("Fleming Plaintiffs"):

> Last, despite losing one of the two TCPA motions they copied, the Kirklins still sought almost $54,000 in trial-level fees at higher hourly rates than the other attorneys had billed. Overall, the Kirklins' times sheets demonstrate their lack of "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.[19]
>
> With respect to factor (4), the U.S. Supreme Court has held "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained...." Little need be said on the subject. Even with the benefit of copying other attorneys' ideas and work product, the Kirklins managed to succeed in just one of the two motions they filed.... Therefore, if the Court does not affirm the denial of attorneys' fees due to the Kirklins' pro se attorney status...It should begin with a 50% fee reduction to reflect the Kirklins' limited success.[20]

This argument is misleading and incorrect. The Kirklin Law Firm, P.C. segregated the attorneys' fees as between the Fleming Plaintiffs, and it is only seeking the attorneys' fees attributable to work performed in connection with George Fleming's claims (on which they were successful). The Kirklin Law Firm, P.C. specifically excluded the attorneys' fees attributable to work performed in

---

[19] Brief of Cross-Appellee @ 23
[20] *Id.* @ 26

11

connection with F&A's claims (on which they were initially unsuccessful in their anti-SLAPP motion, but ultimately successful in summary judgment).

This segregation was laid out clearly in Charles Kirklins' declaration when the attorneys' fees were separated into two categories:

(1) "LEGAL SERVICES RE: FLEMING & ASSOCIATES, LLP,"[21] and

(2) "LEGAL SERVICES RELATED TO MOTION TO DISMISS CLAIMS BY GEORGE FLEMING"[22]

The Kirklin Defendants excluded the first category from their attorneys' fees damages calculation, as can be seen at 1 RR 96 (March 30, 2015 Hearing), which calculates only the "TOTALS FOR LEGAL SERVICES RELATED TO MOTION TO DISMISS CLAIMS OF GEORGE FLEMING 1/12/15 – 3/30/15" at $53,950.00. This is the total amount that The Kirklin law Firm, P.C. is seeking for attorneys' fees at the trial level.

Thus, The Kirklin Law Firm, P.C. segregated its calculation of attorneys' fees as between the Fleming Plaintiffs, and it is only seeking attorneys' fees for work performed in connection with the claims asserted by Fleming, individually.

WHEREFORE, PREMISES CONSIDERED, The Kirklin Law Firm, P.C. prays for an award of $53,950.00 in trial attorney's fees.

---

[21] 1 RR 93 (March 30, 2015 Hearing)
[22] 1 RR 94 (March 30, 2015 Hearing)

Respectfully Submitted,

THE KIRKLIN LAW FIRM, P.C.


By: /s/ Paul S. Kirklin
Paul S. Kirklin
Texas Bar No. 24070063
Charles B. Kirklin
Texas Bar No. 11523500
Email: ckirklin@kirklinlaw.com
12600 N Featherwood Dr Suite 225
Houston, TX 77034
Tel. (713) 571-8300
Fax. (281) 922-6240
Attorneys for Defendants The Kirklin Law
Firm P.C., Charles Kirklin, and Paul Kirklin

/s/ Stephen R. Kirklin
Stephen R. Kirklin, Pro Se
Texas Bar No. 11523700
12600 N Featherwood Dr Suite 225
Houston, TX 77034
Tel. (713) 571-8300
Fax. (281) 922-6240
Attorney for Defendant Stephen R. Kirklin
and The Kirklin Law Firm, P.C.


## CERTIFICATE OF SERVICE

I certify that on November 12, 2015 a true and correct copy of the foregoing Motion For Rehearing was served on all counsel of record and George Fleming electronically at george_fleming@fleming-law.com, and the electronic transmission was reported as complete.


/s/ Paul S. Kirklin
Paul S. Kirklin


/s/ Stephen R. Kirklin
Stephen R. Kirklin


13

# EXHIBIT A

ATTORNEYS' FEES CONTRACT

Whereas, The Kirklin Law Firm, P.C. has been sued in Cause No. 2014-53135 styled "Fleming & Associates, L.L.P. v. Kirklin, et al", in the 234th District Court of Harris County, Texas and

Whereas, the Kirklin Law Firm, P.C. desires to pursue dismissal of these claims as well as any other claims asserted by the Plaintiffs pursuant to the Texas Anti-SLAPP Statute ("TCPA"), and

Whereas, in order to obtain attorneys' fees from the Plaintiffs pursuant to TCPA, it is necessary for The Kirklin Law Firm, P.C. to hire attorneys to represent it in this case and to become legally liable for payment of the attorneys' fees incurred in obtaining dismissal of the claims, and

Whereas, the undersigned attorneys desire to represent The Kirklin Law Firm, P.C. in seeking dismissal and any appeals related to the dismissal of the claims.

NOW THEREFORE IN CONSIDERATION OF THE MUTUAL PROMISES CONTAINED HEREIN THE PARTIES AGREE AS FOLLOWS:

1. Charles Kirklin, Paul Kirklin and Stephen Kirklin, (Solo Practitioner) (herein the " Attorneys") agree to represent The Kirklin Law Firm, P.C. in Cause No. 2014-53135 on an hourly basis at their usual rates for this kind of case.

2. The Kirklin Law Firm, P.C. agrees to pay the Attorneys on an hourly basis at their usual hourly fees for this kind of a case and The Kirklin Law Firm, P.C. acknowledges that it is legally liable to pay the fees charged by the Attorneys in Cause No. 2014-53135 and is by this Attorneys' Fees Contract incurring and agreeing to pay the fees charged by the Attorneys.

3. The effective date of this agreement is December 11, 2014.

AGREED TO:

The Kirklin Law Firm, P.C.

_____
By  Charles Kirklin, President

_____
Charles Kirklin

_____
Stephen Kirklin, Solo
     Practitioner

_____
Paul Kirklin

# EXHIBIT B

CHARLES KIRKLIN

ATTORNEY AT LAW

INVOICE

TO:                                                                                          MAY 31,2015
The Kirklin Law Firm, P.C.
12600 N. Featherwood, Suite 225
Houston, Texas 77034

FOR LEGAL SERVICES RENDERED TO THE KIRKLIN LAW FIRM, P.C. BY CHARLES KIRKLIN ("CBK") IN CONNECTION WITH CLAIMS BY GEORGE FLEMING IN CAUSE NO. 2014-53135 IN THE 234TH DISTRICT COURT AND THE PROSECUTION OF A MOTION TO DISMISS PURSUANT TO THE TEXAS ANTI-SLAPP STATUTE AS FOLLOWS.  The charges made in this invoice are only for work done by Charles Kirklin as indicated by "CBK" below.

| | | | |
|---|---|---|---|
| Jan. 12, 2014 | Review of Plaintiffs' Second Amended Petition. | CBK | 2.00 |
| | | SRK | 3.00 |
| Jan. 16, 2015 | Review of the Jackson Defendants' Anti-SLAPP Motion to Dismiss as to George Fleming. | CBK | 2.00 |
| | | SRK | 3.00 |
| Jan. 16, 2015 | Review of Fleming's Response to Motion to Dismiss filed by the Jackson Defendants. | CBK | 2.00 |
| | | SRK | 3.00 |
| Jan. 19, 2015 | Preparation of Defendants' Second Amended Answer. Preparation of the Kirklin Defendants' Anti-SLAPP Motion to Dismiss as to George Fleming. | CBK | 4.00 |
| | | SRK | 6.00 |
| Jan. 19, 2015 | Review of Fleming's Response to Motion to Dismiss filed by Kirklin Defendants. | CBK | 3.00 |
| | | SRK | 3.00 |
| Jan. 22, 2015 | Research on Anti-SLAPP Cases. | CBK | 2.00 |
| Jan. 25, 2015 | Review of Jacksons' Reply in Support of their Motion to Dismiss. Preparation for Hearing. | CBK | 1.00 |
| | | PSK | 6.00 |
| | | SRK | 6.00 |
| Jan. 26, 2015 | Preparation for and attendance at Hearing on the Anti-SLAPP Motions. | CBK | 4.00 |
| | | PSK | 4.00 |
| | | SRK | 4.00 |
| Jan. 28, 2015 | Preparation of Supplemental Memo for the Court in light of the Hearing and proposed | CBK | 4.00 |
| | | SRK | 4.00 |

1

| | | | |
|---|---|---|---|
| | Order granting dismissal, attorneys' fees and Sanctions. | | |
| Jan. 29, 2015 | Review of Jackson Defendants' Further Briefing in support of their Motion to Dismiss. | CBK<br>SRK | 2.00<br>2.00 |
| Jan. 29, 2015 | Review of Fleming's Reply to Kirklin Defendants Argument at the hearing. | CBK<br>SRK | 2.00<br>2.00 |
| Jan. 29, 2015 | Review of Fleming's Sur-reply to the Jackson Defendants' Reply. | CBK<br>SRK | 2.00<br>2.00 |
| Jan. 30, 2015 | Review of Fleming's Final Response to Kirklin Defendants' Motion to Dismiss. | CBK<br>SRK | 2.00<br>2.00 |
| Jan. 30, 2015 | Review of Fleming's Final Response to Jackson Defendant's Motion to Dismiss | CBK<br>SRK | 2.00<br>2.00 |
| Feb. 19, 2015 | Preparation of Supplement to Kirklin Defendant's Motion to Dismiss with exhibits and Declaration of Charles B. Kirklin. | CBK<br>SRK | 4.00<br>4.00 |
| Feb. 20, 2015 | Review of letter to Court from Jackson Defendants' Counsel regarding statutory deadlines. | CBK<br>SRK | .50<br>.50 |
| Feb.. 25, 2015 | Review of Court Orders Granting the Jackson Defendants Motions to Dismiss and the Kirklin Defendants' Motion to Dismiss. | CBK<br>SRK | 1.00<br>1.00 |
| Feb. 26, 2015 | Revise Attorneys' Fees Declaration in view of the ruling of the Court to exclude attorneys' fees related to Fleming & Associates, L.L.P. | CBK<br>SRK | 2.00<br>2.00 |
| Feb. 27, 2015 | Preparation of Kirklin Defendants Motion to Award Attorney's Fees and Sanctions. | CBK<br>SRK | 5.00<br>5.00 |
| Mar. 29, 2015 | Preparation for Hearing on Motion to Award Attorneys' Fees and Sanctions. | CBK<br>SRK<br>PSK | 2.00<br>2.00<br>2.00 |
| Mar. 30, 2015 | Attendance at Hearing on Motion to Award Attorneys' Fees and Sanctions | CBK<br>SRK<br>PSK    ` | 2.00<br>2.00<br>2.00 |

Total Due and payable to Charles Kirklin
CBK  50.5Hrs @ $450.00= $ 22,725.00

PAUL KIRKLIN

ATTORNEY AT LAW

INVOICE

TO:                                                                                  MAY 31, 2015

The Kirklin Law Firm, P.C.
12600 N. Featherwood, Suite 225
Houston, Texas 77034

FOR LEGAL SERVICES RENDERED TO THE KIRKLIN LAW FIRM, P.C. BY PAUL KIRKLIN ("PSK") IN
CONNECTION WITH CLAIMS BY GEORGE FLEMING IN CAUSE NO. 2014-53135 IN THE 234TH DISTRICT
COURT AND THE PROSECUTION OF A MOTION TO DISMISS PURSUANT TO THE TEXAS ANTI-SLAPP
STATUTE AS FOLLOWS.  The charges in this invoice is only for work done by Paul Kirklin as indicated
"PSK" below.

| Jan. 12, 2014 | Review of Plaintiffs' Second Amended Petition. | CBK | 2.00 |
| | | SRK | 3.00 |
| Jan. 16, 2015 | Review of the Jackson Defendants' Anti-SLAPP Motion to Dismiss as to George Fleming. | CBK | 2.00 |
| | | SRK | 3.00 |
| Jan. 16, 2015 | Review of Fleming's Response to Motion to Dismiss filed by the Jackson Defendants. | CBK | 2.00 |
| | | SRK | 3.00 |
| Jan. 19, 2015 | Preparation of Defendants' Second Amended Answer. Preparation of the Kirklin Defendants' Anti-SLAPP Motion to Dismiss as to George Fleming. | CBK | 4.00 |
| | | SRK | 6.00 |
| Jan. 19, 2015 | Review of Fleming's Response to Motion to Dismiss filed by Kirklin Defendants. | CBK | 3.00 |
| | | SRK | 3.00 |
| Jan. 22, 2015 | Research on Anti-SLAPP Cases. | CBK | 2.00 |
| Jan. 25, 2015 | Review of Jacksons' Reply in Support of their Motion to Dismiss. Preparation for Hearing. | CBK | 1.00 |
| | | PSK | 6.00 |
| | | SRK | 6.00 |
| Jan. 26, 2015 | Preparation for and attendance at Hearing on the Anti-SLAPP Motions. | CBK | 4.00 |
| | | PSK | 4.00 |
| | | SRK | 4.00 |
| Jan. 28, 2015 | Preparation of Supplemental Memo for the Court in light of the Hearing and proposed | CBK | 4.00 |
| | | SRK | 4.00 |

1

|            |                                                      |     |      |
|------------|------------------------------------------------------|-----|------|
|            | Order granting dismissal, attorneys' fees and Sanctions. |     |      |
| Jan. 29, 2015 | Review of Jackson Defendants' Further Briefing in support of their Motion to Dismiss. | CBK<br>SRK | 2.00<br>2.00 |
| Jan. 29, 2015 | Review of Fleming's Reply to Kirklin Defendants Argument at the hearing. | CBK<br>SRK | 2.00<br>2.00 |
| Jan. 29, 2015 | Review of Fleming's Sur-reply to the Jackson Defendants' Reply. | CBK<br>SRK | 2.00<br>2.00 |
| Jan. 30, 2015 | Review of Fleming's Final Response to Kirklin Defendants' Motion to Dismiss. | CBK<br>SRK | 2.00<br>2.00 |
| Jan. 30, 2015 | Review of Fleming's Final Response to Jackson Defendant's Motion to Dismiss | CBK<br>SRK | 2.00<br>2.00 |
| Feb. 19, 2015 | Preparation of Supplement to Kirklin Defendant's Motion to Dismiss with exhibits and Declaration of Charles B. Kirklin. | CBK<br>SRK | 4.00<br>4.00 |
| Feb. 20, 2015 | Review of letter to Court from Jackson Defendants' Counsel regarding statutory deadlines. | CBK<br>SRK | .50<br>.50 |
| Feb.. 25, 2015 | Review of Court Orders Granting the Jackson Defendants Motions to Dismiss and the Kirklin Defendants' Motion to Dismiss. | CBK<br>SRK | 1.00<br>1.00 |
| Feb. 26, 2015 | Revise Attorneys' Fees Declaration in view of the ruling of the Court to exclude attorneys' fees related to Fleming & Associates, L.L.P. | CBK<br>SRK | 2.00<br>2.00 |
| Feb. 27, 2015 | Preparation of Kirklin Defendants Motion to Award Attorney's Fees and Sanctions. | CBK<br>SRK | 5.00<br>5.00 |
| Mar. 29, 2015 | Preparation for Hearing on Motion to Award Attorneys' Fees and Sanctions. | CBK<br>SRK<br>PSK | 2.00<br>2.00<br>2.00 |
| Mar. 30, 2015 | Attendance at Hearing on Motion to Award Attorneys' Fees and Sanctions | CBK<br>SRK<br>PSK ` | 2.00<br>2.00<br>2.00 |

Total Due and payable to Paul Kirklin
PSK 14Hrs @ $350.00= $4,900.00

STEPHEN KIRKLIN

SOLO PRACTITIONER

ATTORNEY AT LAW

INVOICE

TO:                                                                          MAY 31, 2015
The Kirklin Law Firm, P.C.
12600 N. Featherwood, Suite 225
Houston, Texas 77034

FOR LEGAL SERVICES RENDERED TO THE KIRKLIN LAW FIRM, P.C. BY STEPHEN KIRKLIN ("SRK") IN
CONNECTION WITH CLAIMS BY GEORGE FLEMING IN CAUSE NO. 2014-53135 IN THE 234TH DISTRICT
COURT AND THE PROSECUTION OF A MOTION TO DISMISS PURSUANT TO THE TEXAS ANTI-SLAPP
STATUTE AS FOLLOWS.  The charges in this invoice are only for Stephen Kirklin reflected as "SRK" below.


| Jan. 12, 2014 | Review of Plaintiffs' Second Amended Petition. | CBK | 2.00 |
| | | SRK | 3.00 |
| Jan. 16, 2015 | Review of the Jackson Defendants' Anti-SLAPP Motion to Dismiss as to George Fleming. | CBK | 2.00 |
| | | SRK | 3.00 |
| Jan. 16, 2015 | Review of Fleming's Response to Motion to Dismiss filed by the Jackson Defendants. | CBK | 2.00 |
| | | SRK | 3.00 |
| Jan. 19, 2015 | Preparation of Defendants' Second Amended Answer. Preparation of the Kirklin Defendants' Anti-SLAPP Motion to Dismiss as to George Fleming. | CBK | 4.00 |
| | | SRK | 6.00 |
| Jan. 19, 2015 | Review of Fleming's Response to Motion to Dismiss filed by Kirklin Defendants. | CBK | 3.00 |
| | | SRK | 3.00 |
| Jan. 22, 2015 | Research on Anti-SLAPP Cases. | CBK | 2.00 |
| Jan. 25, 2015 | Review of Jacksons' Reply in Support of their Motion to Dismiss. Preparation for Hearing. | CBK | 1.00 |
| | | PSK | 6.00 |
| | | SRK | 6.00 |
| Jan. 26, 2015 | Preparation for and attendance at Hearing on the Anti-SLAPP Motions. | CBK | 4.00 |
| | | PSK | 4.00 |
| | | SRK | 4.00 |
| Jan. 28, 2015 | Preparation of Supplemental Memo for the | CBK | 4.00 |

1

| | | | |
|---|---|---|---|
| | Court in light of the Hearing and proposed Order granting dismissal, attorneys' fees and Sanctions. | SRK | 4.00 |
| Jan. 29, 2015 | Review of Jackson Defendants' Further Briefing in support of their Motion to Dismiss. | CBK SRK | 2.00 2.00 |
| Jan. 29, 2015 | Review of Fleming's Reply to Kirklin Defendants Argument at the hearing. | CBK SRK | 2.00 2.00 |
| Jan. 29, 2015 | Review of Fleming's Sur-reply to the Jackson Defendants' Reply. | CBK SRK | 2.00 2.00 |
| Jan. 30, 2015 | Review of Fleming's Final Response to Kirklin Defendants' Motion to Dismiss. | CBK SRK | 2.00 2.00 |
| Jan. 30, 2015 | Review of Fleming's Final Response to Jackson Defendant's Motion to Dismiss | CBK SRK | 2.00 2.00 |
| Feb. 19, 2015 | Preparation of Supplement to Kirklin Defendant's Motion to Dismiss with exhibits and Declaration of Charles B. Kirklin. | CBK SRK | 4.00 4.00 |
| Feb. 20, 2015 | Review of letter to Court from Jackson Defendants' Counsel regarding statutory deadlines. | CBK SRK | .50 .50 |
| Feb.. 25, 2015 | Review of Court Orders Granting the Jackson Defendants Motions to Dismiss and the Kirklin Defendants' Motion to Dismiss. | CBK SRK | 1.00 1.00 |
| Feb. 26, 2015 | Revise Attorneys' Fees Declaration in view of the ruling of the Court to exclude attorneys' fees related to Fleming & Associates, L.L.P. | CBK SRK | 2.00 2.00 |
| Feb. 27, 2015 | Preparation of Kirklin Defendants Motion to Award Attorney's Fees and Sanctions. | CBK SRK | 5.00 5.00 |
| Mar. 29, 2015 | Preparation for Hearing on Motion to Award Attorneys' Fees and Sanctions. | CBK SRK PSK | 2.00 2.00 2.00 |
| Mar. 30, 2015 | Attendance at Hearing on Motion to Award Attorneys' Fees and Sanctions | CBK SRK PSK ` | 2.00 2.00 2.00 |

Total Due and payable to Stephen Kirklin
SRK  58.5Hrs @ $450.00= $ 26,325.00

# EXHIBIT C

## THE KIRKLIN LAW FIRM, P.C.
12600 N FEATHERWOOD DR, STE 225
HOUSTON, TEXAS 77034
(713) 571-8300

15059

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com
32-61/1110

11/12/2015

PAY TO THE
ORDER OF    Charles B Kirklin

$ **22,725.00

Twenty-Two Thousand Seven Hundred Twenty-Five and 00/100************************************************************** DOLLARS

Charles B Kirklin

MEMO
Cause No. 2014-53135

AUTHORIZED SIGNATURE

⑈015059⑈ ⑆111000614⑆ 757858266⑈

---

THE KIRKLIN LAW FIRM, P.C.                                                      15059

Charles B Kirklin                                          11/12/2015
                                                                          22,725.00

Operating Account     Cause No. 2014-53135                                 22,725.00

THE KIRKLIN LAW FIRM, P.C.                                                      15059

Charles B Kirklin                                          11/12/2015
                                                                          22,725.00

Operating Account     Cause No. 2014-53135                                 22,725.00

PRODUCT SSLT104     USE WITH 91663 ENVELOPE          Deluxe Corporation 1-800-328-0304 or www.deluxe.com/shop

0069

69  F000DA  SLXRX1  08/24/2015 08:33

HOLD TO LIGHT TO VIEW WATERMARK IN PAPER   HEAT SENSITIVE RED IMAGE DISAPPEARS WITH HEAT   DETECTION CIRCLE REVEALS A LOCK WHEN TESTED

15060

**THE KIRKLIN LAW FIRM, P.C.**
12600 N FEATHERWOOD DR, STE 225
HOUSTON, TEXAS 77034
(713) 571-8300


**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com
32-61/1110

11/12/2015

PAY TO THE
ORDER OF     Stephen R Kirklin

$ **26,325.00

Twenty-Six Thousand Three Hundred Twenty-Five and 00/100*************************************************************     DOLLARS

Stephen R Kirklin

MEMO

Cause No. 2014-53135

AUTHORIZED SIGNATURE

⑈015060⑈ ⑈111000614⑈ 757858266⑈

---

**THE KIRKLIN LAW FIRM, P.C.**                                                        15060

Stephen R Kirklin                                     11/12/2015

26,325.00

Operating Account     Cause No. 2014-53135                                26,325.00

**THE KIRKLIN LAW FIRM, P.C.**                                                        15060

Stephen R Kirklin                                     11/12/2015

26,325.00

Operating Account     Cause No. 2014-53135                                26,325.00

PRODUCT SSLT104     USE WITH 91663 ENVELOPE     Deluxe Corporation 1-800-328-0304 or www.deluxe.com/shop

0070                                                                            70  F000DA  SLXRX1  08/24/2015 08:33

HOLD TO LIGHT TO VIEW WATERMARK IN PAPER   HEAT SENSITIVE RED IMAGE DISAPPEARS WITH HEAT   DETECTION CIRCLE REVEALS A LOCK WHEN TESTED

15061

**THE KIRKLIN LAW FIRM, P.C.**
12600 N FEATHERWOOD DR, STE 225
HOUSTON, TEXAS 77034
(713) 571-8300

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com
32-61/1110

11/12/2015

PAY TO THE
ORDER OF    Paul Kirklin

$ **4,900.00

Four Thousand Nine Hundred and 00/100*********************************************************************************************    DOLLARS

Paul Kirklin

MEMO

Cause No. 2014-53135

AUTHORIZED SIGNATURE

⑈015061⑈ ⑆1110006141⑆ 757858266⑈

THE KIRKLIN LAW FIRM, P.C.                                                                      15061

Paul Kirklin                                              11/12/2015

4,900.00

Operating Account     Cause No. 2014-53135                                              4,900.00

THE KIRKLIN LAW FIRM, P.C.                                                                      15061

Paul Kirklin                                              11/12/2015

4,900.00

Operating Account     Cause No. 2014-53135                                              4,900.00

PRODUCT SSLT104    USE WITH 91663 ENVELOPE        Deluxe Corporation 1-800-328-0304 or www.deluxe.com/shop

0071                                                                                      71 F000DA SLXRX1 08/24/2015 08:33

No. 2014-53135

| | | |
|---|---|---|
| FLEMING & ASSOCIATES, L.L.P. | § | IN THE DISTRICT COURT OF |
| (n/k/a FLEMING, NOLEN & JEZ, | § | |
| L.L.P.) and GEORGE FLEMING, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CHARLES KIRKLIN, STEPHEN | § | |
| KIRKLIN, PAUL KIRKLIN, THE | § | |
| KIRKLIN LAW FIRM, P.C. (n/k/a | § | |
| KIRKLIN SOH, L.L.P.), DON | § | |
| JACKSON, JEFFREY W. | § | |
| CHAMBERS, and WARE, JACKSON, | § | |
| LEE & CHAMBERS L.L.P., | § | |
|     Defendants. | § | 234TH  JUDICIAL DISTRICT |

**THE FLEMING PLAINTIFFS'
OPPOSITION TO THE KIRKLIN LAW FIRM'S
MOTION FOR REHEARING ON ATTORNEYS' FEES**

TO THE HONORABLE COURT:

Plaintiffs/Appellants Fleming & Associates, L.L.P. (n/k/a Fleming, Nolen & Jez, L.L.P.) and George Fleming (collectively, the Fleming Plaintiffs) oppose the motion for rehearing filed by Defendants Charles Kirklin, Stephen Kirklin, Paul Kirklin, The Kirklin Law Firm, P.C. (n/k/a Kirklin Soh, L.L.P.) (the Kirklin Defendants).

The Fleming Plaintiffs' opposition does not address the merits of the Kirklin Defendants' motion for rehearing, but rather establishes the Court's lack of jurisdiction to entertain it. The Fleming Plaintiffs therefore respectfully request that the Court dismiss or summarily deny the Kirklin Defendants' motion for lack of jurisdiction, and order the rehearing postponed indefinitely:

1. The Kirklin Defendants have not only filed a jurisdictionally improper motion for rehearing of this Court's denial of trial attorneys' fees, but also have unilaterally set a hearing on the motion for a date the Fleming Plaintiffs' trial counsel is unavailable.

2. This Court lacks jurisdiction to consider the motion for rehearing for two reasons, both of which the Kirklin Defendants ignore:

First, Defendants divested the Court of jurisdiction by filing a notice of cross-appeal from the fee denial one day after the order; and

Second, the Fleming Plaintiffs' motion for rehearing from the dismissal of appeals from this Court's (allegedly interlocutory) Orders, and the Kirklin Defendants' cross-appeal, is presently pending at the Fourteenth Court of Appeals, as is the appellate court's request for Defendants' responses.

3. The procedural facts establishing lack of jurisdiction follow:

- This Court denied the Kirklin Defendants' trial attorneys' fees and sanctions motion in an Order signed March 30, 2015.

- The Kirklin Defendants did not move for rehearing before this Court, as they were permitted to do. Instead, the next day—March 31, 2015— they filed a notice of cross-appeal in pending Appeal No. 14-15-00238-CV (from the anti-SLAPP dismissal), seeking reversal of the denial of fees and sanctions. Therefore, they are not allowed to move for rehearing months later, as rehearing has been waived.

- On October 29, 2015, the Fourteenth Court of Appeals dismissed Appeal No. 14-15-00238-CV, holding the appeal was not taken from a

final Order. The dismissal included the Kirklin Defendants' cross-appeal. It also dismissed a companion appeal, No. 14-15-00369-CV (summary judgment) for the same reason.

- The deadline for a motion for rehearing at the appellate court was Friday, November 13, 2015.

- On November 12, 2015, at 3:43 p.m., co-Defendants Don Jackson, Jeffrey W. Chambers, and Ware, Jackson, Lee & Chambers L.L.P. (the Jackson Defendants) filed a Rule 162 notice of dismissal with this Court. Effective immediately, therefore, all claims related to the Jackson Defendants were dismissed. *See, e.g.*, *Univ. of Tex. Med. Branch v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006).

- 45 minutes later, at 4:33 p.m., the Kirklins improperly filed their motion for rehearing in this Court. But despite certifying that service took place on November 12, they deliberately delayed serving counsel until today—November 18, 2015. Hence, this opposition.

- On November 13, 2015, the Fleming Plaintiffs filed two motions for rehearing at the Court of Appeals, attaching the Jackson Defendants' R. 162 notice of dismissal. A copy of the motion for No. 14-15-00238-CV (without exhibits), which is a duplicate of the motion for No. 14-15-00369-CV, is attached to this opposition as **Ex. 1**.

- The motions for rehearing are still pending at the Fourteenth Court of Appeals. Therefore, this Court lacks jurisdiction to consider and rule on the Kirklin Defendants' motion for rehearing, and to hear argument on the motion.

- Further, on November 17, 2015, the Court of Appeals requested responses from the Kirklin Defendants to the Fleming Plaintiffs'

3

motions for rehearing. Copies of the appellate court's requests are attached to this opposition as **Ex. 2**. That is because under the R. 49.2 of the Rules of Appellate Procedure:

> No response to a motion for rehearing need be filed unless the court so requests. A motion will not be granted unless a response has been filed or requested by the court.

Therefore, the Kirklin Defendants should respond to the Court of Appeals' request, as it obviously retains jurisdiction. They may not file a motion in this Court, which lacks jurisdiction to consider it.

4. Last, the Kirklin Defendants set a hearing without consulting with the Fleming Plaintiffs' trial counsel as to his schedule. Ken Johnson, trial counsel for the Fleming Plaintiffs, will be unavailable for a hearing on Monday, November 23, 2015. A copy of his declaration accompanies this opposition as **Ex. 3**.

## CONCLUSION

For all reasons above, the Court lacks jurisdiction to consider any submission from the Kirklin Defendants, including a motion for rehearing—which was waived in any event. The Court should therefore deny or dismiss the Kirklin Defendants' motion for rehearing for lack of jurisdiction. Further, the Court should order the hearing continued indefinitely, to be reset only if the Kirklin Defendants' motion is properly before the Court.

Respectfully submitted,

*/s/ J. Ken Johnson*
J. Ken Johnson
State Bar No. 10746300
Email: ken_johnson@fleming-law.com
Sylvia Davidow
State Bar No. 05430551
Email: sylvia_davidow@fleming-law.com
George M. Fleming
State Bar No. 07123000
Email: george_fleming@fleming-law.com
**FLEMING, NOLEN & JEZ, L.L.P.**
2800 Post Oak Blvd., Suite 4000
Houston, Texas 77056
Telephone (713) 621-7944
Fax (713) 621-9638

**ATTORNEYS FOR**
**PLAINTIFFS/APPELLANTS/**
**CROSS-APPELLEES**
**FLEMING & ASSOCIATES, L.L.P.**
**and GEORGE M. FLEMING**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all attorneys of record, as set forth below, on November 18, 2015.

**Via E-Mail to:**

Paul Kirklin
pkirklin@kirklinlaw.com
The Kirklin Law Firm, P.C.
12600 N. Featherwood Drive, #225
Houston, Texas 77034
Telephone (713) 571-8300
Facsimile (281) 922-6240

**ATTORNEY FOR DEFENDANTS CHARLES KIRKLIN, PAUL KIRKLIN, AND THE KIRKLIN LAW FIRM, P.C.**

Stephen R. Kirklin
12600 N. Featherwood Drive, #225
Skirklin312@gmail.com
Houston, Texas 77034
Telephone (713) 571-8300
Facsimile (281) 922-6240

**DEFENDANT STEPHEN R. KIRKLIN, PRO SE**

*/s/Sylvia Davidow*
Sylvia Davidow

CAUSE NO. 2014-53135

| | | |
|---|---|---|
| FLEMING & ASSOCIATES, L.L.P. (n/k/a | § | IN  DISTRICT COURT OF |
| FLEMING, NOLEN & JEZ, L.L.P.) | § | |
| AND GEORGE FLEMING, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TX |
| CHARLES KIRKLIN, STEPHEN | § | |
| KIRKLIN, PAUL KIRKLIN, THE | § | |
| KIRKLIN LAW FIRM, P.C, DON | § | |
| JACKSON, JEFFREY | § | |
| W. CHAMBERS, AND WARE, | § | |
| JACKSON, LEE & CHAMBERS, L.L.P., | § | |
| | § | |
| Defendants. | § | 234TH JUDICIAL DISTRICT |

## NOTICE OF HEARING

Please take notice that a hearing has been set on December 7, 2015 at 1:00 p.m. in the 234th Judicial Court for (1) Motion For Rehearing on Denial of Trial Attorneys' Fees For The Kirklin Law Firm, P.C. which was filed on November 12, 2015 and (2) The Rule 13 Motion for Sanctions and Attorneys' Fees contained in Defendants' Motion For Summary Judgment which was filed on December 16, 2014.

Respectfully Submitted,

THE KIRKLIN LAW FIRM, P.C.


By: */s/ Paul S. Kirklin*
Paul S. Kirklin
Texas Bar No. 24070063
Charles B. Kirklin
Texas Bar No. 11523500
Email: ckirklin@kirklinlaw.com
12600 N Featherwood Dr Suite 225
Houston, TX 77034
Tel. (713) 571-8300
Fax. (281) 922-6240
Attorneys for Defendants The Kirklin Law
Firm P.C., Charles Kirklin, and Paul Kirklin

1

/s/ Stephen R. Kirklin
Stephen R. Kirklin,
Texas Bar No. 11523700
12600 N Featherwood Dr Suite 225
Houston, TX 77034
Tel. (713) 571-8300
Fax. (281) 922-6240
Attorney for Defendants Stephen R. Kirklin
and The Kirklin Law Firm, P.C.

## CERTIFICATE OF SERVICE

I certify that on November 23, 2015 a true and correct copy of the foregoing Notice of Hearing was served on all counsel of record and George Fleming electronically at george_fleming@fleming-law.com, and J. Ken Johnson electronically at ken_johnson@fleming-law.com, and Sylvia Davidow at silvia_davidow@fleming-law.com.

/s/ Paul S. Kirklin
Paul S. Kirklin

/s/ Stephen R. Kirklin
Stephen R. Kirklin

2