**James Lee SWEED, Petitioner,**

v.

**Jay L. NYE et al., Respondents.**

No. 09–0465.

Supreme Court of Texas.

Oct. 22, 2010.

James Lee Sweed, El Paso TX, pro se.

Patrick Gregory O'Brien, Scott Tyler Williams, Andrew Forest Newman, Ryan Thomas Cosgrove, Akin Gump Strauss Hauer & Feld, LLP, Dallas TX, for Petitioner.

Jay L. Nye, El Paso TX, pro se.

Demetri Anastasiadis, Office of the Attorney General of Texas, Attorney General Greg W. Abbott, Attorney General of Texas, Clarence Andrew Weber, First Assistant Attorney General, David S. Morales, Office of the Attorney General of Texas, Deputy First Assistant Attorney General, David A. Talbot Jr., James P. Sullivan, Assist. Attorney General, Office of the Attorney General, James C. Ho, Solicitor General of Texas, Austin TX, for Respondent.

PER CURIAM.

Five and a half months after the trial court dismissed his case, James Lee Sweed filed a notice of appeal that did not contain all the information required for a notice of restricted appeal. A month later he amended the notice to include the missing information. The court of appeals dismissed the appeal, holding that Sweed's original, incomplete notice of restricted ap-

peal was insufficient to invoke its jurisdiction, and the amended notice was not timely filed. We conclude that Sweed's original notice of appeal invoked the court of appeals' jurisdiction even though it was incomplete. We reverse the court of appeals' judgment.

Sweed sued Jay L. Nye (a public defender), Jaime Esparza (El Paso District Attorney), the Office of the District Attorney, the State of Texas, and the Texas Attorney General for malicious prosecution and false imprisonment. Eventually the defendants moved to dismiss for want of prosecution. The clerk's office mistakenly sent notice of a status conference and notice of the hearing on the motion to dismiss to Sweed at the wrong address. Both notices were returned unclaimed. Sweed did not appear at the hearing, and the trial court granted the motion to dismiss. The dismissal order was signed on November 6, 2006.

Sweed filed a notice of appeal on April 24, 2007, five and a half months after the trial court dismissed his claim. *See* Tex. R.App. P. 26.1(c) (providing that in a restricted appeal, notice must be filed within six months after the judgment or order is signed). The court of appeals sent Sweed a letter stating that his notice of appeal did not contain the required information for a notice of restricted appeal and he needed to amend his notice. *See* Tex.R.App. P. 25.1(d)(7) (requiring that a notice of appeal in a restricted appeal state that the appellant did not participate in the hearing that resulted in the judgment and the appellant did not timely file a post judgment motion or notice of appeal). Sweed filed an "Amended Notice of Appeal" on May 21, 2007, which was over six months after the trial court dismissed his case. *See* Tex. R.App. P. 25.1(f) (permitting an amended notice of appeal correcting a defect or omission in a prior notice). The court of

appeals held that the notice of restricted appeal was not timely filed and dismissed the case for want of jurisdiction. *See* Tex. R.App. P. 26.1.

In this Court, Sweed argues that the court of appeals erred by dismissing his appeal because his original notice of appeal, although defective, was sufficient to invoke the court of appeals' jurisdiction. Esparza, the Office of the District Attorney, the State, and the Attorney General (collectively "the State") agree that the court of appeals improperly dismissed Sweed's appeal. Nye, however, maintains that Sweed's original notice of appeal did not invoke the court of appeals' jurisdiction because it did not contain the required information for a notice of restricted appeal and was outside the thirty-day filing period for a traditional notice of appeal. Nye also argues that Sweed's amended notice of appeal, which included the information required for a notice of restricted appeal, did not invoke the court of appeals' jurisdiction because it was filed outside the six-month time period for a notice of restricted appeal. We disagree with Nye's position.

The court of appeals treated Sweed's notices as two separate notices of appeal: the first as a general notice of appeal and the second as a notice of restricted appeal. But Sweed's Amended Notice of Appeal stated that it was amending his previously filed notice of appeal, cited the rule allowing for amendments, included the restricted-appeal information, and was filed before he filed his brief. It was and should have been considered an amendment to the original notice of appeal.

■ Rule of Appellate Procedure 25.1 states that "an appeal is perfected when a written notice of appeal is filed with the trial court clerk." Tex.R.App. P. 25.1(a). The rule contemplates that information might be omitted from a notice of appeal

and specifically authorizes a party to file an amendment to "correct[ ] a defect or omission in an earlier filed notice" before the appellant's brief is filed. TEX.R.APP. P. 25.1(f). And this Court has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction. *Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991) ("If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal."); *see Warwick Towers Council of Co–Owners v. Park Warwick, L.P.,* 244 S.W.3d 838, 839 (Tex.2008); *Linwood v. NCNB Tex.,* 885 S.W.2d 102, 103 (Tex.1994); *Walker v. Blue Water Garden Apartments,* 776 S.W.2d 578, 581 (Tex.1989); *Woods Exploration & Producing Co. v. Arkla Equip. Co.,* 528 S.W.2d 568, 570 (Tex.1975).

 The original notice of appeal was timely filed insofar as a restricted appeal is concerned. It properly invoked the court of appeals' jurisdiction, was timely amended, and the court of appeals erred by dismissing the appeal.

Although the State now concedes that the court of appeals should not have dismissed Sweed's restricted appeal, it nonetheless argues that Sweed's petition for review should be denied because his underlying case lacks merit.

■ We do not agree that the merits of Sweed's case are a consideration in determining whether he procedurally invoked the court of appeals' jurisdiction. He is entitled to proper application of the appellate rules regardless of the merits of his underlying case. Furthermore, our decisions construing the appellate rules have not favored disposing of appeals on harmless procedural defects. *Higgins v.*

*Randall County Sheriff's Office,* 257 S.W.3d 684, 688 (Tex.2008) ("Indigency provisions, like other appellate rules, have long been liberally construed in favor of a right to appeal." (quoting *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987))); *see also Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997).

We grant the petition for review. Without hearing oral argument, we reverse the court of appeals' judgment. *See* TEX. R.APP. P. 59.1. We remand to the court of appeals for further proceedings.