APPROXIMATELY $58,641.00 and One 2005 Acura TL, Appellants,

v.

The STATE of Texas, Appellee.

No. 14–09–00810–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 15, 2011.

Melvin R. Nowlin, Houston, for Appellants.

Karen L. Morris, Jessica Alane Caird, Houston, for Appellee.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

WILLIAM J. BOYCE, Justice.

This is a restricted appeal from a civil forfeiture proceeding under Chapter 59 of the Texas Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. arts. 59.01–.14 (Vernon 2008). The trial court entered a default judgment against Darnell Wayne Menard and ordered that (1) $58,641 be forfeited to the State as contraband; and (2) One 2005 Acura TL be returned to the vehicle's registered lien holder, sold to satisfy the currently pending lien, and any excess sale amount forfeited to the State as contraband. In two issues, Menard contends that the trial court erred by (1) denying his motion for new trial as untimely filed; and (2) concluding that it had jurisdiction. We affirm the trial court's judgment.

## Background

The State of Texas filed a notice of seizure and forfeiture pursuant to chapter 59 of the Texas Code of Criminal Procedure on January 7, 2009, alleging that approximately $58,641 and One 2005 Acura TL were seized from Menard on December 8, 2008 and constituted contraband subject to forfeiture. Menard's attorney, Sid Lyle, accepted service pursuant to Texas Rule of Civil Procedure 119 on behalf of Menard on February 19. The acceptance of service stated: "Darnell Menard has authorized me to accept service for him and I hereby do accept service for him on the 19th day of February 2009, *in the Matter of the State of Texas v. Approx-imately $58,641.00 and One 2005 Acura TL.* I submit that this acceptance of service meets all the requirements of T.R.C.P. 119."

After Menard failed to file an answer or make an appearance,[1] the trial court signed a default judgment on March 17, 2009 ordering that (1) $58,641 be forfeited to the State as contraband; and (2) One 2005 Acura TL be returned to the vehicle's registered lien holder, sold to satisfy the currently pending lien, and any excess sale amount forfeited to the State as contraband.

Menard filed a motion on June 19, 2009, requesting a new trial because (1) Menard and his attorney, Sid Lyle, "never received Notice of Hearing for Default Judgment or Notice of Final Judgment;" and (2) Menard only became aware of the default judgment on May 21, 2009. In his motion, Menard stated that, in the assistant district attorney's office, he authorized his attorney Lyle to accept service for him, and that "Attorney Lyle accepted service on February 19, 2009 in compliance with Rule 119, Texas Rules of Civil Procedure." Menard argued that this acceptance of service put the State and the trial court "on notice that all future correspondence should be sent to [Menard's] Attorney, Sidney Lyle" and constituted a general appearance on his behalf. According to Menard, this appearance entitled Lyle to "Notice of Motion for Default Judgment and Final Judgment;" however, Lyle did not receive notice of either one. Menard attached an affidavit to his motion in which he stated that he (1) "never received a notice of trial setting at which the court granted the default judgment;" and (2) "did not discover that a default judgment had been signed until May 21, 2009."

---

1. *See* Tex.R. Civ. P. 15, 99, 120–122.

The State filed a response to Menard's motion for new trial on July 16, 2009. The State argued that Menard (1) failed to appear or answer; (2) was not entitled to prejudgment notice; (3) received actual notice of the default judgment within 20 days of the date the judgment was signed; and (4) filed his motion for new trial untimely because he did not file it within 30 days from the date the judgment was signed, rendering his motion void. In the attached affidavit, the State averred that (1) Menard and Lyle requested to meet with assistant district attorney Spalding to discuss the forfeiture case; (2) Spalding prepared an acceptance of service letter at the request of Menard and Lyle; (3) Lyle reviewed and signed the acceptance of service in the presence of a notary public; (4) Spalding gave Menard and Lyle each a copy of the State's notice of seizure and forfeiture; (5) after Menard failed to appear or answer, it filed a proposed default judgment; (6) Spalding advised Lyle during a telephone conversation on March 25, 2009 that the trial court had signed a default judgment on March 17, 2009; (7) during the conversation, Lyle informed Spalding that he intended to discuss filing a motion for new trial with Menard; and (8) Spalding held the execution of the judgment in anticipation of a motion for new trial until April 24, 2009.

The trial court signed an order denying Menard's motion for new trial on July 17, 2009. In its order, the trial court stated that it denied Menard's motion "[a]fter considering the motion, the response, the pleadings of record and the applicable law, and after hearing and arguments of counsel."

Menard filed a notice of appeal on September 3, 2009. Although Menard's notice of appeal did not strictly comply with the requirements for a restricted appeal, the notice stated that Menard "gives notice of his intent to appeal the trial court's judgment" under Appellate Procedure Rules 30 and 26.1(c). On November 5, 2009, Menard filed an amended notice of restricted appeal and a motion for leave to file an amended notice of appeal. This court granted Menard's motion to amend and ordered the amended notice of restricted appeal filed on November 19, 2009. The amended notice of appeal complied with the requirements for the content of a notice of restricted appeal. *See* Tex.R.App. P. 25.1(d)(7).

## Analysis

On appeal, Menard argues that the trial court erred by (1) denying his motion for new trial as untimely filed when he established, in compliance with Texas Rule of Civil Procedure 306a(4), that he did not receive notice of the March 17, 2009 default judgment until May 21, 2009; and (2) concluding that it had in personam jurisdiction over him when "the record shows affirmatively that the waiver of service was fatally defective and did not meet" the requirements of Texas Rule of Civil Procedure 119.

■ To prevail in a restricted appeal, Menard must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004).

### I. Jurisdiction

■ Before we turn to Menard's two issues, we address the State's argument that Menard's appeal should be dismissed

for want of jurisdiction because Menard failed to file his notice of restricted appeal within six months of the date on which the trial court signed the default judgment. We reject the State's argument and follow the supreme court's holding in *Sweed v. Nye*, 323 S.W.3d 873, 873–75 (Tex.2010) (per curiam).[2]

In *Sweed*, the appellant filed a notice of appeal that did not contain all of the information required for a notice of restricted appeal five and one-half months after the trial court dismissed his case. *Id.* at 873–74. The appellant amended the notice to include the missing information a month later; the court of appeals dismissed the appeal on grounds that the original, incomplete notice of restricted appeal was insufficient to invoke its jurisdiction and the amended notice was not timely. *Id.* The supreme court concluded that Sweed's original notice of appeal invoked appellate jurisdiction even though it was incomplete. *Id.* at 874.

Quoting Texas Rule of Appellate Procedure 25.1(a), the supreme court stated that "an appeal is perfected when a written notice of appeal is filed with the trial court clerk." *Id.* (quoting Tex.R.App. P. 25.1(a)). Rule 25.1(f) contemplates that information might be omitted from a notice of appeal and specifically authorizes a party to file an amendment to correct a defect or omission in an earlier filed notice before the appellant's brief is filed. *Id.* (citing Tex.R.App. P. 25.1(f)). The court reiterated that it "has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction."

*Id.* (citing *Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991) (per curiam), and *Warwick Towers Council of Co–Owners ex. rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam)).

Although Menard's notice of appeal did not strictly comply with the requirements for a restricted appeal,[3] the notice nonetheless indicated Menard's intent to appeal the default judgment under Rules 26.1 and 30 and, thus, constituted a bona fide attempt to invoke appellate court jurisdiction. *See Sweed*, 323 S.W.3d 873, 873–75; *Warwick Towers Council of Co–Owners*, 244 S.W.3d at 839. Additionally, upon motion for leave, Menard filed an amended notice of appeal which satisfied the requirements for filing a restricted appeal set out in Rule 25.1(d). *See Warwick Towers Council of Co–Owners*, 244 S.W.3d at 839 ("[i]f the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal.").

Accordingly, we hold that this court has jurisdiction to consider Menard's appeal. *See Sweed*, 323 S.W.3d at 874–75.

## II. Acceptance of Service

■ We next address Menard's second issue, in which he contends that the trial court erred by concluding that it had "in personam jurisdiction over [Menard] since the record shows affirmatively that the

---

2. We denied the State's motion to dismiss for want of jurisdiction on March 11, 2010.

3. The notice of restricted appeal must: (1) state that the appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of; (2) state that the appellant did not timely file either a post-judgment motion, request for findings of fact and conclusions of law, or notice of appeal; and (3) be verified by the appellant if the appellant does not have counsel. Tex.R.App. P. 25.1(d)(7).

waiver of service was fatally defective and did not meet" the requirements of Civil Procedure Rule 119.

Rule 119 provides that a "defendant may accept service of process, or waive the issuance or service thereof by a written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought, sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause, and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law." Tex.R. Civ. P. 119. It further provides that "[t]he party signing such memorandum shall be delivered a copy of plaintiff's petition, and the receipt of the same shall be acknowledged in such memorandum." *Id.*

Relying on *Travieso v. Travieso*, 649 S.W.2d 818 (Tex.App.-San Antonio 1983, no writ.), Menard contends that the "waiver of service" signed by his attorney Lyle "is clearly deficient" because the "waiver failed to state that, the party signing such memorandum shall be delivered a copy of plaintiff's petition and the receipt of the same shall be acknowledged in such memorandum.' " Menard argues that failure to strictly comply with Rule 119 "renders the purported waiver of service fatally defective" so that the trial court never "acquired in personam jurisdiction" over him.

Menard made the opposite argument in the trial court. In his motion for new trial, Menard stated that (1) in the office of the assistant district attorney, he authorized attorney Lyle to accept service for him; (2) "Attorney Lyle accepted service on February 19, 2009 in compliance with Rule 119;" and (3) "[t]he 'Acceptance of Service' was duly signed." Because Menard argued below that his attorney accepted service in compliance with Rule 119 on his behalf, his contrary argument and claim

that Lyle signed a fatally defective "waiver of service" is not persuasive.

Regardless of this inconsistency, we conclude that the acceptance of service was proper in this case. The acceptance of service stated: "Darnell Menard has authorized me to accept service for him and I hereby accept service for him on the 19th day of February 2009, *in the Matter of the State of Texas v. Approximately $58,641.00 and One Acura TL*. I submit that this acceptance of service meets all the requirements of T.R.C.P. 119." The acceptance was sworn and signed before a notary public by "Sid Lyle, Attorney for Darnell Menard." This notarized writing sufficiently acknowledges that (1) Lyle accepted service on behalf of Menard; and (2) the acceptance of service met Rule 119's requirements.

Menard misplaces his reliance on *Travieso* because that case is distinguishable. In *Travieso*, the court of appeals concluded that the waiver of service was defective because it did not contain a written acknowledgement that the defendant received a copy of the plaintiff's petition; the purported waiver of service merely stated: "Comes now the Defendant in the above entitled and numbered cause and hereby waives the issuance, service and return of summons in this cause and voluntarily enters his appearance herein and consents that said cause be tried forthwith." *Id.* at 819–20. Nothing in *Travieso* indicated that the waiver of service complied with the requirements of Rule 119. Here, in contrast, the sworn and signed acceptance of service clearly stated in writing that the acceptance met "all the requirements" of Rule 119.

A written recitation that the acceptance of service meets all requirements of Rule 119 satisfies the requirement of a written memorandum. *See* Tex.R. Civ. P. 119. Additionally, the State's unobjected-to affi-

davit shows that Menard and Lyle received a copy of the State's petition at the time Lyle signed the acceptance of service. Menard never argued that he or his attorney did not receive a copy of the State's petition in this case. Because we conclude that acceptance of service was not defective, we overrule Menard's second issue.

### III. Motion for New Trial

In his first issue, Menard argues that the trial court erred by denying his motion for new trial of June 19, 2009 as untimely filed because he established that he did not receive notice of the March 17, 2009 default judgment until May 21, 2009 in compliance with Civil Procedure Rule 306a(4). *See* Tex.R. Civ. P. 306a(4). Menard argues that the timetable for filing his motion for new trial "should not have started on March 25, 2009, the date Sid Lyle was allegedly notified of the default judgment" because Lyle was not Menard's attorney of record and "not the proper party to notify of the entry of the default judgment."

A motion for new trial is timely if it is filed within 30 days after the date on which the trial court judgment is signed. *See* Tex.R. Civ. P. 329b(a); *John v. Marshall Health Servs., Inc.,* 58 S.W.3d 738, 739–40 (Tex.2001); *Equinox Enters., Inc. v. Associated Media Inc.,* 730 S.W.2d 872, 874 (Tex.App.-Dallas 1987, no writ). Rule 306a(1) provides that the periods within which parties may file post-judgment motions and trial courts may exercise their plenary jurisdiction run from the date on which the judgment is signed. Tex.R. Civ. P. 306a(1); *John,* 58 S.W.3d at 740.

Rule 306a(3) requires clerks to notify parties or their attorneys immediately when a judgment is signed. Tex.R. Civ. P.

306a(3); *John,* 58 S.W.3d at 740–41. Rule 306a(4) also provides the following exception to Rule 306a(1): "If within twenty days after the judgment ... is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then ... all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first...." Tex.R. Civ. P. 306a(4); *John,* 58 S.W.3d at 740–41. Rule 306a(5) prescribes the procedure for claiming this exception. To establish the application of Rule 306a(4), the adversely affected party must prove in the trial court on sworn motion and notice the date on which the party or his attorney first received a notice of the judgment or acquired actual knowledge of the signing, and that this date was more than 20 days after the judgment was signed. Tex.R. Civ. P. 306a(5); *John,* 58 S.W.3d at 741.

The trial court's order denying Menard's motion for new trial does not specify the reason for the denial. Based on the record before us, we reject Menard's contention that the trial court erred in concluding Menard's motion for new trial was untimely.

Menard did not file a separate Rule 306a(5) motion to establish (1) the operative date of judgment; and (2) the Rule 306a(4) exception extending the 30–day deadline for filing post-judgment motions.[4] Menard filed only a motion for new trial in which he argued that the trial court should grant his motion because (1) he authorized Lyle to accept service for him; (2) Lyle accepted service on February 19, 2009 in compliance with Rule 119; (3) the accep-

---

4. The record does not reflect that the trial court held a hearing to determine the effec-

tive date of the default judgment.

tance of service was signed by Lyle "in his capacity as Attorney for [Menard] thereby putting [the State] and this Honorable Court on notice that all future correspondence should be sent to [Menard's] Attorney, Sidney Lyle;" (4) "Lyle was entitled to Notice of the Trial Setting, including but not limited to, Notice of Motion for Default Judgment and Final Judgment;" (5) Lyle never received "notice of hearing on default judgment nor notice that a final judgment had been rendered;" and (6) Menard "did not become aware of the Default Judgment until May 21, 2009."

Menard attached an affidavit to his motion for new trial in which he stated "I never received a notice of trial setting at which the court granted the default judgment. I did not discover that a default judgment had been rendered in this matter until May 21, 2009." Menard did not provide an affidavit from Lyle reflecting the date on which Lyle received notice that the trial court had signed a default judgment.

The State responded and argued, among other things,[5] that the trial court should deny Menard's motion because Menard (1) received actual notice of the default judgment when the State informed Lyle on March 25, 2009 that a default judgment had been signed; and (2) failed to attach an affidavit by Lyle establishing the date Lyle received notice of the default judgment. The State also argued that Menard's motion was untimely and, therefore, void because Menard (1) received notice of the default judgment eight days after it was signed; and (2) filed his motion more than 30 days after the trial court signed the default judgment.

Additionally, the State attached assistant district attorney Spalding's affidavit in which she averred as follows:

On March 18, 2009, I received a voicemail message from Sid Lyle that had been left after business hours the previous day. I returned his call, and left a message. On March 25, 2009, I again contacted Mr. Lyle and left a message on his voicemail. Mr. Lyle returned my call the same day, at which time I advised him that a default judgment in this cause had been signed by the Court on March 17, 2009. Mr. Lyle informed me during this conversation that he intended to discuss the filing of a Motion for New Trial with the Respondent, Darnell Wayne Menard. I then held execution of the judgment in this cause, in anticipation of the possible filing of a Motion for New Trial. Though thirty (30) days from the date of judgment expired on April 16, 2009, I held the judgment until April 24, 2009, thirty (30) days from the date of my conversation with Mr. Lyle.

The State's unobjected-to affidavit establishes that Lyle received actual notice on March 25, 2009—eight days after the trial court signed the default judgment on March 17, 2009. Menard's motion for new trial establishes that Lyle was Menard's attorney, and notice of default judgment to Lyle also constituted notice to Menard. See Tex.R. Civ. P. 306a(4),(5). Nothing in the appellate record supports Menard's assertion that Lyle was "not the proper party to notify of the entry of the default judgment." Accordingly, Menard received actual notice on March 25, 2009 that the trial court had signed a judgment against him. Menard therefore was required to file his motion for new trial within 30 days after the trial court signed the default

---

**5.** The State also argued in its response that Menard (1) failed to argue and establish any of the three factors of *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) necessary to set aside a no answer default judgment; (2) failed to appear or answer; and (3) was not entitled to notice before entry of default judgment.

judgment on March 17, 2009. *See* Tex.R. Civ. P. 306a, 329b(a).

Because Menard filed his motion for new trial on June 19, 2009, his motion was untimely. *See* Tex.R. Civ. P. 306a, 329b(a), (b); *John,* 58 S.W.3d at 740–41. Menard's untimely motion for new trial was a nullity, and the trial court lacked plenary power to consider it. *See* Tex.R. Civ. P. 306a, 329b(a), (b); *Equinox Enters., Inc.,* 730 S.W.2d at 875. We overrule Menard's first issue.

**Conclusion**

We affirm the default judgment of the trial court.