

## Fourth Court of Appeals

### San Antonio, Texas

#### MEMORANDUM OPINION

No. 04-13-00240-CV

**IN THE INTEREST OF B.A.M.**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 1995-CI-13100
Honorable Jim Rausch, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  May 22, 2013

DISMISSED FOR LACK OF JURISDICTION

Linda E. Moreno appeals the trial court's order confirming child support signed August 28, 2012.  Moreno did not file a timely motion that would have extended the appellate timetable. *See* TEX. R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a).  The notice of appeal was therefore due September 27, 2012, or a motion for extension of time to file the notice of appeal was due within fifteen days thereafter.  *See* TEX. R. APP. P. 26.1, 26.3.  Moreno did not file a timely notice of appeal or a motion for extension of time to file the notice of appeal.  However, on April 16, 2013, Moreno filed a notice of appeal.

We ordered appellant to file a response showing cause why the appeal should not be dismissed for lack of jurisdiction.  We advised appellant to request a clerk's record containing all pleadings and orders necessary to show this court's jurisdiction.  Appellant filed a response to

our order in which she explains that her physical and mental distress following the August 22, 2012, hearing and inappropriate conduct by her trial attorney prevented her from timely pursuing an appeal.

A timely notice of appeal must be filed in order to invoke this court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873 (Tex. 2010 ). "Once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.* Although we construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of rules, *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997), we are prohibited from enlarging the time for perfecting an appeal in a civil case. *Id.* at 615; TEX. R. APP. P. 2. Unfortunately, because Moreno did not file her notice of appeal until more than seven months after the appealable order was signed, we do not have jurisdiction over this appeal.

PER CURIAM