

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00341-CV

WILLIAM ROBERT WILLIAMS          APPELLANT

V.

ROBIN MARLENE WILLIAMS          APPELLEE

----------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 324-569317-15

----------

## MEMORANDUM OPINION[1]

----------

Appellant William Robert Williams, proceeding pro se, attempts to appeal from the trial court's September 28, 2015 final decree of divorce. On October 26, 2015, appellant filed a timely motion for extension of time to file his notice of appeal. *See* Tex. R. App. P. 26.1, 26.3. We granted the motion and ordered

---

[1]*See* Tex. R. App. P. 47.4.

appellant to file his notice of appeal in the trial court on or before December 14, 2015.

On December 14, 2015, appellant filed a second motion for extension of time to file his notice of appeal. We concluded that appellant's second motion for extension represented a good faith attempt to perfect his appeal within the time as extended by his first motion for extension, and therefore, appellant's second motion for extension represented a bona fide attempt to invoke this court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010). Thus, on December 22, 2015, we directed appellant to file in the trial court an amended notice of appeal that complied with the requirements of rule 25.1(d) on or before January 21, 2016, and to file with this court a copy of the amended notice of appeal. *See* Tex. R. App. P. 25.1(d), (g), 37.1. We further stated that the appeal could be dismissed if appellant failed to comply with our order. *See* Tex. R. App. P. 42.3, 43.2(f).

Appellant was incarcerated in the Lindsey Unit in Jacksboro, Texas, at the time he filed his motions for extension, and he stated in both motions that he was to be released on January 1, 2016. We sent our December 22, 2015 order directing him to file an amended notice of appeal to appellant's Lindsey Unit address by mail. The order was returned to us as undeliverable, and the Texas Department of Criminal Justice verified that appellant was no longer incarcerated.

Appellant has not provided us with a forwarding mailing address. *Cf.* Tex. R. App. P. 9.1(b) (requiring unrepresented party to provide party's mailing address on all documents filed with the court). We contacted appellant's probation officer, who provided us with appellant's address. On March 2, 2016, we re-sent our December 22, 2015 order to appellant by mail at the address provided by his probation officer. This time, we directed appellant to file in the trial court an amended notice of appeal that complied with the requirements of rule 25.1(d) on or before March 22, 2016, and to file with this court a copy of the amended notice of appeal. *See* Tex. R. App. P. 25.1(d), (g), 37.1. We warned appellant again that the appeal could be dismissed if he failed to comply with our order. *See* Tex. R. App. P. 42.3, 43.2(f). Our March 2, 2016 order has not been returned to us as undeliverable.

Appellant has not filed an amended notice of appeal. Because appellant has failed to comply with our order requiring him to file an amended notice of appeal, it is the opinion of the court that the appeal should be dismissed. Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 42.3(c), 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MEIER, JJ.

WALKER, J., concurs without opinion.

DELIVERED: April 14, 2016

3