

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00425-CV

**IN THE INTEREST OF S.A.M.W.**, a Child

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-1774-CV
Honorable Robin V. Dwyer, Judge Presiding

PER CURIAM

Sitting:    Sandee Bryan Marion, Chief Justice
            Luz Elena D. Chapa, Justice
            Jason Pulliam, Justice

Delivered and Filed:  July 20, 2016

MOTION TO DISMISS GRANTED; DISMISSED FOR WANT OF JURISDICTION

Appellant Randall W.[1] filed a pro se notice of appeal in the trial court on June 22, 2016. The notice of appeal recites that the trial court signed the final judgment terminating Randall's parental rights to S.A.M.W. on April 4, 2016. Appellee Barbara W. filed a motion to dismiss this appeal for lack of jurisdiction and attached the trial court's judgment, which was signed and filed April 4, 2016.[2]

---

[1] To protect the identity of the minor child, we refer to the child's parents' by their first names and last initials and to the child by her initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

[2] Both Randall's notice of appeal and Barbara's motion to dismiss contain the full name of the minor child. We note that neither filing complies with Texas Rule of Appellate Procedure 9.8, which provides that "[i]n an appeal . . . arising out of a case in which the termination of parental rights was at issue . . . except for a docketing statement, in all papers submitted to the court, including all appendix items submitted with a brief, petition, or motion . . .  a minor must be identified only by an alias unless the court orders otherwise . . . and . . . all documents must be redacted accordingly." TEX. R. APP. P. 9.8(b)(1)(A), (C). An "alias" includes a person's initials. *Id.* R. 9.8(a).

A timely notice of appeal must be filed in order to invoke this court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873 (Tex. 2010). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). Although a motion for extension of time is necessarily implied when an appellant, acting in good faith, files an untimely notice of appeal, the notice of appeal and implied motion for extension of time must be within the fifteen-day grace period provided by Rule 26.3. *Id.* R. 26.3; *accord Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997) (construing predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 615.

The deadline to request an extension of time to file a notice of appeal and an implied motion for extension of time was May 9, 2016. Because Randall filed his notice of appeal on June 22, 2016, the notice of appeal and implied motion for extension of time were not timely. *See id.* We therefore grant Barbara's motion and dismiss this appeal for want of jurisdiction. *See Sweed*, 323 S.W.3d at 873.

PER CURIAM