

# Fourth Court of Appeals
## San Antonio, Texas

August 18, 2016

No. 04-16-00515-CV

**IN THE INTEREST OF W.T.H., A CHILD**,

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 15-06-00217-CVK
Honorable Russell H. Wilson, Judge Presiding

## O R D E R

The clerk's record has been filed in this case and shows the following:

On September 18, 2015, W.T.H.'s paternal grandmother Penny filed an original petition for bill of review. She alleged a July 7, 2015 order appointing W.T.H.'s maternal grandfather Kevin was void because continuing exclusive jurisdiction with respect to W.T.H. was established in the State of Wisconsin.

On October 27, 2016, the trial court signed an order granting the bill of review, setting aside the July 7, 2015 order, and granting Penny a new trial regarding Kevin's petition for conservatorship.

On November 24, 2015, Kevin filed an amended motion for new trial with regard to the trial court's granting of the bill of review. The clerk's record does not contain an original motion for new trial.

On March 4, 2016, Kevin filed a "motion to set aside judgment and plea to the jurisdiction." In this motion, Kevin stated the trial court signed a judgment in the case on January 6, 2016. The clerk's record does contain the trial court's January 6, 2016 judgment.

On April 5, 2016, Kevin filed a "first amended motion to set aside judgment and plea to the jurisdiction." The motion stated the trial court signed a judgment in the case on October 27, 2015, and did not state the trial court signed a judgment on January 6, 2016.

On July 21, 2016, the trial court signed an order denying Kevin's "first amended motion to set aside judgment and plea to the jurisdiction."

On August 5, 2016, Kevin filed a notice of appeal.

After reviewing the clerk's record, it appears that no final judgment has been rendered by the trial court and that the October 27, 2016 order and the July 21, 2016 order are interlocutory. *See Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) ("A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable."). This court has jurisdiction to consider an appeal of an interlocutory order only if expressly authorized by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352 (Tex. 1998); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992).

Furthermore, a timely notice of appeal must be filed in order to invoke this court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873 (Tex. 2010). "Once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997). If the trial court signed a final judgment regarding conservatorship of W.T.H. on January 6, 2016, as suggested by Kevin's original "motion to set aside judgment and plea to the jurisdiction," Kevin's March 4, 2016 motion for new trial was not timely filed and did not extend the trial court's plenary power regarding conservatorship of W.T.H.

Accordingly, we **order** Kevin to file a response by **September 19, 2016**, showing cause why this appeal should not be dismissed for want of jurisdiction. If Kevin fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If Kevin desires to request that the trial court clerk file a supplemental clerk's record, we **order** Kevin to make such request in writing and file a copy of the request with this court by **August 29, 2016**. If Kevin files a timely request with the trial court clerk, the trial court clerk, Denise Rodriguez, is **ordered** to file the supplemental clerks' record by **September 7, 2016**.

All other deadlines in this appeal are suspended until further order of the court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of August, 2016.

_____
Keith E. Hottle
Clerk of Court