

# Fourth Court of Appeals
## San Antonio, Texas

December 3, 2018

No. 04-18-00875-CV

**IN RE D.J.J. AND R.Z.B.,**

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 16-10-00272-CVK
Honorable Melissa Uram-Degerolami, Judge Presiding

# O R D E R

This is an accelerated appeal of an order terminating the appellant's parental rights. The clerk's record has been filed, and it shows that the trial court signed a final order that actually disposed of all claims and all parties in the trial court on April 20, 2018. The notice of appeal was therefore due on May 10, 2018, but it was not filed until October 31, 2018. See Tex. R. App. P. 26.1.(b).

The notice of appeal states counsel did not learn of the trial court's final order until October 10, 2018. If a party affected by a final order has not—within 20 days after the final order was signed—either received the trial court clerk's notice of the order or actual knowledge of the order's signing, "then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing." R. 4.2(a)(1). "But in no event may the period begin more than 90 days after the . . . order was signed." Id. This rule does not apply to a restricted appeal. Id. at R. 4.2(b). Because counsel learned about the final order more than 20 days after the judgment was signed, the period to file the notice of appeal could have commenced no more than 90 days after the appealed judgment was signed, and the notice of appeal was due within 20 days.

The notice of appeal therefore appears to be untimely. A timely notice of appeal must be filed in order to invoke this court's jurisdiction. See Sweed v. Nye, 323 S.W.3d 873 (Tex. 2010). "Once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." See Verburgt v. Dorner, 959 S.W.2d 615, 615 (1997). We therefore ORDER appellant to file a response by **December 13, 2018**, showing cause why this appeal should not be dismissed for lack of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. See Tex. R. App. P. 42.3(a), (c). Appellant has the burden to request the trial court clerk prepare a supplemental clerk's record containing all necessary pleadings and orders to establish this court's jurisdiction. Appellant must file a copy of any such request with this court.

_____
Luz Elena D. Chapa, Justice

       IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of December, 2018.



_____
KEITH E. HOTTLE,
Clerk of Court