

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00813-CV

James T. **BONNET**,
Appellant

v.

Troy Shane **QUINN**,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 34876
Honorable Robert E. Cadena, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: June 28, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellee has filed a motion to dismiss this appeal for lack of jurisdiction arguing appellant did not timely file a notice of appeal. A timely filed notice of appeal is necessary to invoke this court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010); *N. Cent. Baptist Hosp. v. Chavez*, No. 04-20-00590-CV, 2021 WL 983351, at *1 (Tex. App.—San Antonio Mar. 17, 2021, no pet.) (mem. op.). In this case, the trial court signed a final judgment on October 4, 2022. Because appellant did not file a motion for new trial, motion to modify judgment, motion for reinstatement, or request for findings of fact and conclusions of law, the notice of appeal was due

to be filed on November 3, 2022. *See* TEX. R. APP. P. 26.1. A motion for extension of time to file the notice of appeal was due on November 18, 2022. *See id.* 26.3. Appellant did not file his notice of appeal until December 5, 2022, and he did not file a motion for extension of time pursuant to Rule 26.3. *See id.*

On May 15, 2023, we informed appellant his notice of appeal was not timely filed and ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction.").

In his response to our show cause order, appellant informs the court that he is a pro se litigant and requests we retain this case on the court's docket in the interest of justice. Appellant's appearance pro se does not confer jurisdiction on this court. *See Campbell v. Leal*, No. 04-12-00654-CV, 2012 WL 5874622, at *1 (Tex. App.—San Antonio Nov. 21, 2012, no pet.) (mem. op.) (dismissing appeal because appellant's response to show cause order stating he was indigent and pro se did not confer jurisdiction on the court). "Rather, a timely filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss this appeal." *Campbell*, 2012 WL 5874622, at *1 (citing *Verburgt*, 959 S.W.2d at 617). Accordingly, we must dismiss this appeal for lack of jurisdiction.

PER CURIAM