

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00709-CV

Saravanaraja **MUTHUSAMY**,
Appellant

v.

Kuljeet **KAUR**,
Appellee

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2023FLA001684-C3
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice

Delivered and Filed: March 26, 2025

DISMISSED FOR LACK OF JURISDICTION

Appellant attempts to appeal the trial court's amended final divorce decree and order denying appellant's motion to set aside the final divorce decree. A timely filed notice of appeal is necessary to invoke this court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010); *N. Cent. Baptist Hosp. v. Chavez*, No. 04-20-00590-CV, 2021 WL 983351, at *1 (Tex. App.—San Antonio Mar. 17, 2021, no pet.) (mem. op.). Although appellant seeks to appeal the trial court's order denying his motion to set aside the final divorce decree, "[t]he appellate [timetable] runs

from the signing date of whatever order that makes a judgment final and appealable, *i.e.*, whatever order disposes of any parties or issues remaining before the court." *C.J. Machine, Inc. v. Alamo Iron Works*, No. 04-01-00258-CV, 2001 WL 1042251, at *1 (Tex. App.—San Antonio Sept. 12, 2001, no pet.) (mem. op., not designated for publication) (quoting *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995)). Here, the final judgment is the amended final divorce decree, and the appellate timetable is calculated from May 16, 2024, the date the amended final divorce decree was signed. Because appellant timely filed a motion to set aside the divorce decree—which we construe as a motion to modify judgment—the notice of appeal was due to be filed no later than August 14, 2024. *See* TEX. R. APP. P. 26.1(a). A motion for extension of time to file the notice of appeal was due no later than August 29, 2024. *See* TEX. R. APP. P. 26.3. Appellant did not file his notice of appeal until October 17, 2024 and did not file a motion for extension of time to file the notice of appeal.

On November 5, 2024, we informed appellant it appeared his notice of appeal was not timely filed and ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."). In his response, appellant essentially argues the appellate timetable should run from the date the trial court signed a post-judgment order stating the motion to set aside the divorce decree was overruled by operation of law.[1] As mentioned above, the appellate timetable is calculated from the date the trial court signed the final judgment, not the post-judgment order. *See C.J. Machine, Inc.*, 2001 WL 1042251, at *1 (quoting *Farmer*,

---

[1] Appellant claims the trial court intentionally or negligently delayed setting a hearing on the motion to set aside the divorce decree to deprive appellant of his right to appeal. The record does not support appellant's contention.

907 S.W.2d at 496).  Because appellant did not timely file his notice of appeal, we must dismiss this appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a); *Verburgt*, 959 S.W.2d at 617.


PER CURIAM