

# NUMBER 13-24-00626-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CHADWICK R. KINNEY

## ON APPEAL FROM THE 197TH DISTRICT COURT
## OF WILLACY COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice Cron**

Appellant Chadwick R. Kinney filed a Rule 202 petition seeking the trial court's permission to depose appellees Patrick Tyler and Melissa Murphy in anticipation of filing a suit against them for libel and slander. *See* TEX. R. CIV. P. 202. The trial court granted Tyler and Murphy's motion to dismiss under the Texas Citizen Participation Act (TCPA) and awarded them attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. Kinney attempts to appeal that ruling, and Tyler and Murphy have filed a motion to

dismiss the appeal as untimely. For the reasons explained below, we grant the motion and dismiss the appeal for want of jurisdiction.[1]

Under TCPA § 27.008(b), "[a]n appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003." *Id.* § 27.008(b). Appeals that are statutorily required to be expedited are accelerated appeals. TEX. R. APP. P. 28.1(a). Thus, an appeal from a final judgment granting a motion to dismiss under the TCPA is an accelerated appeal. *See First Sabrepoint Cap. Mgmt., L.P. v. Farmland Partners Inc.*, No. 23-0634, 2025 WL 1197255, at *4 n.5 (Tex. Apr. 25, 2025) (explaining that appeals taken from rulings under the TCPA are accelerated); *Bauta v. Mulvey*, 646 S.W.3d 347, 351 (Tex. App.—Corpus Christi–Edinburg 2022, pet. denied) (acknowledging appeal taken from an order granting a motion to dismiss under the TCPA was an accelerated appeal); *see also Sutton v. Octapharma Plasma Inc.*, No. 05-20-00018-CV, 2022 WL 17883794, at *4 (Tex. App.—Dallas Dec. 23, 2022, pet. denied) (mem. op.) ("Because TCPA section 27.008(b) requires us to expedite Sutton's TCPA appeal, this is an accelerated appeal."); *Ruff v. Wick Phillips Gould & Martin, LLP*, No. 11-21-00130-CV, 2021 WL 3087505, at *1 (Tex. App.—Eastland July 22, 2021, no pet.) (per curiam) (mem. op.) ("Accelerated timetables apply to this appeal because it is an expedited appeal from a trial court's order on a motion to dismiss under Section 27.003 of the TCPA.").

---

[1] Tyler and Murphy previously asked us to dismiss the appeal before Kinney had filed his brief, and we denied the motion by letter on February 13, 2025. Now that Kinney has filed his brief, providing clarity to the issues presented on appeal, Tyler and Murphy have asked us to reconsider our prior ruling. We withdraw our prior ruling and issue this memorandum opinion in its place.

In an accelerated appeal, a notice of appeal must be filed within twenty days after the date the judgment or order is signed, or within thirty-five days if a motion to extend time has been filed. *See id.* R. 26.1(b), 26.3, 28.1(b). Unlike an ordinary appeal, filing a post-trial motion does not extend the deadline to perfect an accelerated appeal. *Id.* R. 28.1(b). When a party fails to timely perfect an appeal, we lack jurisdiction over the matter. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also Golden Rule Sales v. Avila*, No. 13-25-00018-CV, 2025 WL 414784, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 6, 2025, no pet.) (mem. op.).

Here, Tyler and Murphy moved to dismiss Kinney's Rule 202 petition under the TCPA, and the trial court signed a final judgment granting the motion on September 24, 2024. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. Therefore, as an accelerated appeal, Kinney's notice of appeal was due on October 14, 2024, or assuming a timely motion to extend time had been filed, on October 29, 2024. *See* TEX. R. APP. P. 26.1(b), 26.3. Instead, Kinney filed a motion for new trial on October 18, 2024, which was overruled by operation of law, and a notice of appeal on December 9, 2024. However, Kinney's motion for new trial did not extend his deadline to file a notice of appeal. *See id.* R. 28.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) ("But we hold that in an accelerated appeal, absent a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions, and filing a rule 26.1(a) motion for new trial . . . will not extend that deadline."). And Kinney's failure to adhere to the timeline for perfecting an accelerated appeal means we lack jurisdiction over this appeal. *See Verburgt*, 959 S.W.2d at 617; *see also Sutton*, 2022 WL 17883794,

at *6; *Ruff*, 2021 WL 3087505, at *3.

Nevertheless, Kinney suggests that the normal appellate deadlines should apply in this case because the trial court erred by applying the TCPA to his Rule 202 petition in the first instance. Kinney puts the cart before the horse; as a fundamental limitation on our power, we cannot reach the merits of an appeal when we lack jurisdiction. *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023) ("Just one valid jurisdictional obstacle is enough for the court to halt further proceedings. The fundamental rule is that the court may not reach the merits if it finds a single valid basis to defeat jurisdiction."). Whether or not the trial court ultimately applied the TCPA correctly does not change the nature of this accelerated appeal or the attendant deadline to invoke our jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (per curiam) ("We do not agree that the merits of Sweed's case are a consideration in determining whether he procedurally invoked the court of appeals' jurisdiction."). Accordingly, we express no opinion on whether the trial court acted properly and dismiss the appeal for want of jurisdiction. *See Ex parte McCardle*, 74 U.S. at 514; *Rattray*, 662 S.W.3d at 868.

JENNY CRON
Justice

Delivered and filed on the
15th day of May, 2025.

4