

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00382-CV

**IN THE INTEREST OF B.J.M.**, a Child

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-24589
Honorable Christine Vasquez Hortick, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: May 27, 2026

DISMISSED FOR LACK OF JURISDICTION

On October 1, 2024, the trial court signed a "Default Final Order in Suit Affecting Parent-Child Relationship," from which appellant S.B.M. has attempted an appeal.[1] However, S.B.M.'s appeal is untimely as a regular appeal, and he has not established our jurisdiction to consider his appeal as a restricted appeal. Therefore, we dismiss S.B.M.'s attempted appeal for lack of jurisdiction.

On June 13, 2025 — over eight months after the trial court signed its "Default Final Order in Suit Affecting Parent-Child Relationship" — S.B.M., filed a "Special Notice of Appeal,"

---

[1] To protect the identity of the minor child involved in this appeal, we refer to appellant, who is the child's father, by his initials. *See* TEX. FAM. CODE ANN. 109.002(d); TEX. R. APP. P. 9.8(b)(2).

specifically challenging the final order. On August 14, 2025, we issued an order requiring S.B.M. to show cause why this appeal should not be dismissed for want of jurisdiction due to an untimely filed notice of appeal. *See id.* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). S.B.M. responded, stating that he did not make a conscious or strategic decision to let appellate deadlines pass. He also referred us to the related case under trial-court cause number 2023CI24589 and an appeal arising from that case that we had previously dismissed under appellate cause number 04-24-00842-CV. *See In re B.M.*, No. 04-24-00842-CV, 2025 WL 1180078, at *2 (Tex. App.—San Antonio Apr. 23, 2025, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction).

On September 4, 2025, we issued an order, explaining that we did not have jurisdiction to consider this appeal as a regular appeal from the trial court's October 1, 2024 order. However, we noted that a restricted appeal was neither foreclosed nor established by the record. Therefore, we ordered S.B.M. to show cause why this appeal should not be dismissed for want of jurisdiction, even if we considered the appeal as a restricted appeal.

S.B.M. responded by filing a "Motion to Proceed as Restrictive [sic] Appeal." The motion identifies the notice of appeal and amended notice of appeal filed in trial-court cause number 2023CI18641 on December 9, 2024, and December 17, 2024, respectively, as the documents which invoke our jurisdiction to review the judgment entered on October 1, 2024, in trial-court cause number 2023CI24589.

On November 18, 2025, we issued an order in which we held that the notices of appeal filed in trial-court cause number 2023CI18641, were "bona fide attempt[s] to invoke [our] jurisdiction" for a restricted appeal from the 285th Judicial District Court's "Default Final Order in Suit Affecting Parent-Child Relationship," signed on October 1, 2024, in trial-court cause

number 2023CI24589. *See Verburgt*, 959 S.W.2d at 616. However, we ordered that for this appeal to proceed as a restricted appeal, S.B.M. must file an amended notice of appeal that complies with Texas Rule of Appellate Procedure 25.1(d)(7) by December 3, 2025. *See* TEX. R. APP. P. 25.1(d)(7), (g), 37.1. We cautioned S.B.M. that, if he failed to file an amended notice of appeal that satisfies the requirements of Rule 25.1(d)(7) by that deadline, this appeal would be dismissed for lack of jurisdiction or for failure to comply with the applicable appellate rules or an order of this court. *See id.* R. 26.1; 30; 42.3(a), (c). We held S.B.M.'s "Motion to Proceed as Restrictive Appeal" in abeyance.

On November 21, 2025, S.B.M. filed an "Amended Notice of Restrictive Appeal;" however, his amended notice fails to comply with Rule 25.1(d)(7). Therefore, we issued an order on February 19, 2026, noting the specific deficiency that S.B.M.'s amended notice does not "state that the appellant is a party affected by the trial court's judgment but did not participate — either in person or through counsel — in the hearing that resulted in the judgment complained of," TEX. R. APP. P. 25.1(d)(7)(A), or include a formal verification by appellant, *see id.* R. 25.1(d)(7)(C). We further noted that the first omission affects our jurisdiction. *See Ex parte E.H.*, 602 S.W.3d 486, 496–97 (Tex. 2020). "To 'sustain' a restricted appeal, the filing party must show that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Id.* at 495. The Texas Supreme Court has specified that the first three requirements are jurisdictional. *Id.* at 496–97.

Nevertheless, we did not dismiss S.B.M.'s appeal in our February 19, 2026 order. As we explained, the appellate rules "contemplate that information might be omitted from a notice of appeal and specifically authorize[] a party to file an amendment to 'correct[] a defect or omission in an earlier filed notice' before the appellant's brief is filed." *Sweed v. Nye*, 323 S.W.3d 873, 874–75 (Tex. 2010) (quoting current TEX. R. APP. P. 25.1(g)). Moreover, the Texas Supreme Court "has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction." *Id.* (holding court of appeals erred by dismissing appeal where the original notice of appeal was timely filed for a restricted appeal and later the notice was timely amended); *see Vilt & Associates, P.C. v. Parker*, No. 04-19-00416-CV, 2020 WL 5027394, at *4 n.5 (Tex. App.—San Antonio Aug. 26, 2020, no pet.) (construing appeals as restricted appeals, even though notices of appeal did not strictly comply with Rule 25.1(d)(7)); *see also In re V.J.*, No. 02-22-00233-CV, 2023 WL 5114198, at *9–10 (Tex. App.—Fort Worth Aug. 10, 2023, pet. denied) (mem. op.); *Zermeno v. Stone*, No. 01-20-00687-CV, 2020 WL 12432734, at *5–6 (Tex. App.—Houston [1st Dist.] Nov. 2, 2020, pet. denied) (mem. op.). Therefore, we ordered S.B.M. to file his appellant's brief by March 20, 2026, and we underscored that our jurisdiction over this attempted restricted appeal remained an open question that the parties should address in their briefs. Further, we reminded the parties that their briefs must comply with applicable appellate rules, which require, among other things, that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see id.* R. 38.2(a)(1).

On March 20, 2026, S.B.M. filed a two-page "Notice of Constitutional Crisis." To date, S.B.M. has not filed an appellate brief or a request for an extension of time to file a brief. S.B.M.'s "Notice of Constitutional Crisis" states that he filed a civil suit in federal court and that a writ of

certiorari is pending with the United States Supreme Court. S.B.M. also asserts in his notice that the underlying case from which this appeal arises "is a malicious prosecution without any probable cause [and] is blatantly unconstitutional." S.B.M. has not asserted in his notice or any filing that he did not participate in the hearing that resulted in the underlying judgment complained of. *See* TEX. R. APP. P. 25.1(d)(7)(A); *Ex parte E.H.*, 602 S.W.3d at 495.

In light of the foregoing, we deny S.B.M.'s "Motion to Proceed as Restrictive Appeal" and dismiss his appeal for lack of jurisdiction because S.B.M. has not timely filed a regular appeal or established a necessary jurisdictional element to proceed with a restricted appeal. *See* TEX. R. APP. P. 25.1(d)(7)(A), 26.1, 26.3; *Ex parte E.H.*, 602 S.W.3d at 495; *Verburgt*, 959 S.W.2d at 617. S.B.M. has never asserted, let alone established, that he failed to participate in the hearing that resulted in the judgment complained of, despite our warning on November 18, 2025, that this appeal would be dismissed if S.B.M. failed to file an amended notice of appeal that satisfied the requirements for a restricted appeal, and our allowance in our February 19, 2026 order that the matter could be addressed in S.B.M.'s appellate brief, which he has failed to timely file. *See* TEX. R. APP. P. 25.1(d)(7)(A); *Ex parte E.H.*, 602 S.W.3d at 495; *see also Izen v. Pasadena Indep. Sch. Dist.*, No. 01-20-00426-CV, 2022 WL 1669389, at *2 (Tex. App.—Houston [1st Dist.] May 26, 2022, no pet.) (dismissing appeal for want of jurisdiction where appellant failed to file an amended notice of appeal that complied with Rule 25.1(d)(7), despite warning that appeal would be dismissed if appellant failed to comply); *cf. Donohue v. Donohue*, No. 04-14-00265-CV, 2014 WL 3745413, at *1 (Tex. App.—San Antonio July 30, 2014, no pet.) (dismissing attempted restricted appeal for want of jurisdiction where clerk's record established appellant participated in hearing that resulted in judgment complained of).

PER CURIAM