# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00491-CV

---

**Laguna Reef Condominium Association, Inc., Appellant**

**v.**

**Cross River Investments, LLC; Dr. John Moczygemba; and Sandra Moczygemba,
Appellees**

---

### FROM THE 274TH DISTRICT COURT OF COMAL COUNTY
### NO. C2021-1904D, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Laguna Reef Condominium Association, Inc., brings this restricted appeal from a default judgment in favor of Dr. John Moczygemba and Sandra Moczygemba (the Moczygembas) and Cross River Investments, LLC. Laguna Reef argues that the district court erred because the default judgment is not supported by the pleadings and there is no proof to support the award of damages. We affirm in part and reverse and remand in part.

## BACKGROUND

The Moczygembas and Cross River Investments each own a unit in Laguna Reef Condominiums. After both units were damaged by Hurricane Harvey, Laguna Reef filed claims on their behalf with the Texas Windstorm Insurance Association. In 2019, Laguna Reef accepted payments of $61,491.51 for damages to Cross River's unit and $59,180.91 for damages

to the Moczygembas' unit. Laguna Reef forwarded $15,526 to Cross River Investments and $28,451 to the Moczygembas.

In November of 2021, Cross River and the Moczygembas jointly sued Laguna Reef for breach of fiduciary duty and for violating Chapter 22 of the Business Organizations Code. They sought the difference between the insurance proceeds and the amounts paid to them by Laguna Reef as well as their attorney's fees. Laguna Reef did not answer the suit, and the plaintiffs moved for a default judgment. On February 14, 2022, the district court signed a default judgement awarding $45,965.51 to Cross River, $30,729.91 to the Moczygembas, and $14,927.41 in attorney's fees.

On April 25, 2022, Laguna Reef filed a combined motion to vacate and a verified motion to extend the deadline for filing post-judgment motions. Laguna Reef alleged that it did not receive notice of the signing of the judgment until April 2, 2022, and asked the district court to extend the post-judgment deadlines. *See* Tex. R. Civ. P. 306a(4)–(5) (procedure for extending post-judgment deadlines). Laguna Reef attached to its motion an affidavit from its president, Jerry Jendrusch, attesting that he first learned of the judgment on April 2, 2022. The district court took no action on any of these filings, and Laguna Reef filed notice of restricted appeal on August 11, 2022.

## DISCUSSION

To prevail on a restricted appeal, the filing party must show that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact

2

and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). The first three requirements are jurisdictional. *Carbajal v. Albiter-Carbajal*, No. 03-19-00852-CV, 2021 WL 2371357, at \*2 (Tex. App.—Austin June 10, 2021, pet. denied) (mem. op.). The third and fourth elements are at issue here.

### *Post-judgment Motions*

Appellees argue that we do not have jurisdiction over this appeal because Laguna Reef timely filed its motion to vacate.

The deadline to file a motion for new trial or a motion to modify, correct, or reform the judgment is generally no later than thirty days after the judgment is signed. Tex. R. Civ. P. 329b(a). Rule 306a provides an exception to this general rule by extending the deadline to file post-judgment motions when a party does not receive notice within twenty days of the judgment being signed. *Id.* R. 306a(4). If a party adversely affected by a judgment learns of it more than twenty but less than ninety-one days after it is signed, the post-judgment deadlines begin on the earlier of the date the party received notice from the clerk or acquired actual knowledge of the judgment. *Id.* To invoke this exception, the party alleging late notice must file a sworn motion with the trial court establishing the date the party or its attorney first learned of the judgment. *See id.* R. 306a(5); *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 (Tex. App.—Austin 2019, no pet.).

Laguna Reef filed its motion to vacate on April 25, 2022, which is more than twenty but less than ninety-one days after the district court signed the default judgment. In the motion to extend, Laguna Reef states that the motion to vacate was "filed timely, pursuant to

Texas Rules of Civil Procedure 306(a)(4)" because Laguna Reef "first received notice of the Default Judgment on April 2, 2022." Appellees argue that these statements are judicial admissions that the motion to vacate was timely. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000) (explaining that judicial admission relieves opponent of proving admitted fact and bars party from disputing it). Laguna Reef responds that those statements are not judicial admissions but, even if they are, the motion to vacate was not timely filed.

We do not reach the judicial-admission issue because we agree with Laguna Reef that the motion to vacate was not timely filed. Filing a Rule 306a(5) motion "invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment," *Elbendary*, 581 S.W.3d at 491 (citation omitted), but does not affect the post-judgment deadlines unless the court grants the motion, *see Legends Landscapes LLC v. Brown*, No. 06-13-00129-CV, 2014 WL 1260624, at \*3 (Tex. App.—Texarkana Mar. 27, 2014, no pet.) (mem. op.) (explaining that "if granted" Rule 306a(5) motion "merely permits the timely filing of post-judgment motions"). The district court did not grant the motion, meaning the post-judgment motions were due no later than thirty days after the judgment was signed. *See* Tex. R. Civ. P. 329b(a). Laguna Reef did not file the motion to vacate within that time. On this record, we conclude that Laguna Reef's motion to vacate was not timely for purposes of Rule 30. *See Approximately $58,641.00 v. State*, 331 S.W.3d 579, 584–86 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that motion for new trial was untimely because trial court denied accompanying Rule 329b motion for extension); *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 185–86 (Tex. App.—Fort Worth 2004, no pet.) (reaching same conclusion when trial court denied motion to extend). Given that Laguna Reef

4

indisputably satisfied Rule 30's other jurisdictional requirements, we conclude that we have jurisdiction over this appeal.

### *Error on the Face of the Record*

We next consider whether error is apparent on the face of the record. The record for purposes of a restricted appeal "consists of all the papers on file, including the clerk's record and reporter's record, at the time that the judgment was signed." *Sherrard v. SignAd, Ltd.*, 637 S.W.3d 192, 196 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Review by restricted appeal "affords an appellant the same scope of review as an ordinary appeal," *E.H.*, 602 S.W.3d at 495, with the restriction that "[e]rror must be apparent from the face of the record, not inferred from the record," *Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.). The "error apparent from the face of the record must be reversible error, that is, error that resulted in an erroneous judgment." *Carbajal*, 2021 WL 2371357, at *2 (citing *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991)). Laguna Reef argues that error is apparent on the face of the record because the default judgment is not supported by the pleadings (issue three) and the trial court did not hear any evidence of damages (issues one and two).

We start with Laguna Reef's argument that the judgment is not supported by the pleadings. *See Willingham v. Willingham*, No. 02-22-00398-CV, 2023 WL 4501832, at *3 (Tex. App.—Fort Worth July 13, 2023, no pet. h.) (mem. op.) ("Like all judgments, a default judgment must conform to the pleadings."). In no-answer default cases, the defendant admits "both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183

5

(Tex. 2012). Laguna Reef asserts that Section 22.221 of the Business Organizations Code does not support the judgment as a matter of law because it applies only to claims against members of the board of directors of a nonprofit corporation.[1] *See generally* Tex. Bus. Orgs. Code § 22.221 (providing that directors who act in good faith and with ordinary care are immune from suit). Appellees do not dispute that no director is a party to this suit but argue that they nevertheless had the burden to negate the application of Section 22.221 in this suit. *Cf. Green v. Port of Call Homeowners Ass'n*, No. 03-18-00264-CV, 2018 WL 4100855, at *5 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.) (deciding that Section 22.221 "places the burden of proof on the person seeking to impose liability on a director"). Although we agree with Laguna Reef that this section applies only to the directors of nonprofit corporations, that does not necessarily mean the judgment is unsupported by the pleadings. Laguna Reef does not dispute that appellees' cause of action for breach of fiduciary duty fully supports the judgment. We conclude that Laguna Reef has not shown reversible error on the face of the judgment based on the pleadings and overrule its third issue.

***Damages***

Laguna Reef argues in its remaining two issues that the district court erred by awarding unliquidated damages without evidence. Even though a no-answer default judgment establishes the defendant's liability, the plaintiff must provide proof of unliquidated damages. *See* Tex. R. Civ. P. 243 (requiring evidence to support award of unliquidated damages); *Paradigm Oil*, 372 S.W.3d at 183 (explaining that no-answer default "establishes liability, but a

---

[1] Although appellees did not cite a specific part of Chapter 22 of the Business Organization Code in their petition, Laguna Reef acknowledges the pleading refers to Section 22.221.

trial may still be necessary if the plaintiff's damages are unliquidated"); *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (stating that "the plaintiff is only required to prove its claim for unliquidated damages" in no-answer default cases). A claim for damages "is liquidated if the amount of damages caused by the defendant can be accurately calculated from (1) the factual, as opposed to conclusory, allegations in the petition, and (2) an instrument in writing." *2017 Yale Dev., LLC v. Steadfast Funding, LLC*, No. 01-20-00027-CV, 2023 WL 3184028, at *27 (Tex. App.—Houston [1st Dist.] May 2, 2023, no pet. h.) (mem. op.) (citing *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 809 (Tex. App.—Waco 2007, no pet.)).

There is no written instrument supporting the award of the difference between the insurance payments and the amounts paid to appellees. Although the record contains an affidavit from appellees' counsel supporting the award of attorney's fees, the "reasonableness of attorney's fees, in the absence of a contract therefor, is a question of fact and is an unliquidated demand for which the trial court entering a default judgment should hear evidence." *See Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 836 (Tex. App.—Dallas 2009, no pet.). Appellees concede that the damages are unliquidated and request that we remand for a trial on damages only. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992) (upholding default judgment and remanding for trial on damages only). We sustain Laguna Reef's first two issues.[2]

---

[2] Laguna Reef also alleges that there was no basis for awarding attorney's fees. *See JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 491 (Tex. 2019) (stating general rule that "attorney's fees are not awarded unless a statute or contract authorizes them"). Because we are remanding the issue of unliquidated damages to the trial court, any determination of the appropriateness of attorney's fees is premature. The district court may consider this issue on remand. *See Guion v. Guion*, 597 S.W.3d 899, 912 (Tex. App.—Houston [1st Dist.] 2020, no

**CONCLUSION**

We reverse the award of damages and attorney's fees and affirm the remainder of the judgment. We remand the case to the trial court for a new trial on damages and attorney's fees.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed in Part, Reversed and Remanded in Part

Filed: August 17, 2023

---

pet.) ("In light of our disposition of Gary's first and second issues, any award of attorney's fees is at best premature.").